539 So.2d 491 (1989)
Donald JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-456.
District Court of Appeal of Florida, Second District.
January 18, 1989.
Rehearing Denied March 22, 1989.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Donald Jackson appeals from his judgment and sentences for ten counts of robbery, two counts of grand theft, and one count of violating the Florida RICO (Racketeer Influenced and Corrupt Organization) Act, section 895.03, Florida Statutes (1985). We reverse in part and affirm in part.
The appellant, Donald Jackson, was initially charged in January 1986 with armed robbery and grand theft. The state filed a notice of intent to use "Williams Rule" evidence for eight similar robberies in north Tampa. The robberies occurred on different days between November 10, 1985, and January 12, 1986, at a Burger King, a Pizza Hut, a Kentucky Fried Chicken, a Red Lobster Inn, Domino's Pizza restaurants, and Circle K and Star Station convenience stores. On July 30, 1986, the state filed a thirteen-count information charging the appellant with racketeering in violation of the RICO Act, eight counts of armed robbery with a firearm, one count of attempted armed robbery, one count of armed robbery with a weapon, and two counts of grand theft of a motor vehicle.
The appellant moved to dismiss, alleging Florida's RICO Act "was not intended or designed to address the situation involved in this case."
The trial court denied the appellant's motion to dismiss and his motion to sever. Following a jury trial, the jury returned verdicts of guilty. The trial court sentenced the appellant to twenty years in prison on the RICO violation and concurrent terms on the other twelve counts, within the guidelines range.
The appellant argues that the charges against him were improperly joined, and therefore, the trial court erred in denying his motion to sever. We agree.
Florida Rule of Criminal Procedure 3.150 states that two or more offenses may be charged in the same information in separate counts when the offenses are based on the same act or transaction or connected acts or transactions.
The only offenses which were related in this case were the grand theft and the robbery at the Pizza Hut in that the stolen car was used in the course of the robbery. All the other offenses were similar because there were two men wearing masks who fit the general descriptions given by several of the victims. However, there was little else to link the crimes.
In Paul v. State, 385 So.2d 1371 (Fla. 1980), the Florida Supreme Court held that consolidation is improper when "based on similar but separate episodes, separated in *492 time, which are connected only by similar circumstances and the accused's alleged guilt in both or all instances." 385 So.2d at 1372. See also State v. Williams, 453 So.2d 824 (Fla. 1984).
As there was no connection between the armed robberies, the trial court erred in denying the appellant's motion to sever.
We find no merit in the appellant's other points on appeal. Accordingly, we reverse the appellant's judgment and sentences and remand for separate trials of the unrelated charges.
DANAHY, A.C.J., and FRANK, J., concur.