557 So.2d 212 (1990)
Johnie W. WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01009.
District Court of Appeal of Florida, Second District.
February 23, 1990.
John D. Fernandez of John D. Fernandez, P.A., Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Wallace appeals convictions of possession of cocaine and resisting arrest with force and violence following a jury trial, and raises four points. We find merit only in his argument that the trial court erred in denying his motion to suppress cocaine seized by the arresting officers, and we, therefore, reverse the conviction of possession of cocaine. We affirm the conviction for resisting arrest with force and violence.
On July 13, 1988, Appellant was driving a leased car north on U.S. 27 in Polk County when he was stopped by Florida Highway Patrol Trooper Steven Varnell. Varnell, and Trooper Bruce Hutcheson in a separate vehicle, had been following Appellant because he fit their drug courier/dealer profile: a male alone in a leased northbound vehicle. In fact, Appellant was accompanied by a female passenger, Regina Calhoun, as the troopers discovered after the stop.
*213 While following Appellant, the troopers noticed that his license tag had expired. Trooper Varnell stopped Appellant and asked to see his driver's license and registration. Appellant produced the license and located the car lease in the trunk. Varnell looked into the trunk and noted that it was empty. He informed Appellant that he was going to issue him a correction notice instead of a citation.
Meanwhile Trooper Hutcheson was circling Appellant's car with a narcotics dog; the dog sensed no sign of narcotics. Hutcheson then asked Appellant if he could "look around." The troopers maintain that Appellant replied, "go ahead, everything is cool." Appellant, however, denies consenting to Hutcheson's request.
Hutcheson opened the passenger door and asked Regina Calhoun to step out. Appellant, Calhoun, and Trooper Varnell stood next to Varnell's cruiser while Hutcheson searched the passenger compartment. Opening a plastic bag that was on the floor behind the driver's seat, Hutcheson found ladies' clothing and a cosmetic kit. He opened the cosmetic kit and saw a folded paper towel. Unfolding the towel he found five and one-half grams of marijuana. Calhoun admitted the marijuana was hers.
After discovering the marijuana, Hutcheson searched the trunk. He pulled back the quarter panels and looked into the fender wells. He lifted the carpeting on the floor of the trunk and saw a brown paper bag. The bag was loosely wrapped at the top, not folded or stapled. As he was about to look inside, Appellant said, "no, no," and began to walk toward the trunk of the car. The bag contained 491 grams of cocaine.
Appellant began struggling with Trooper Varnell. After being handcuffed, shackled, and patted down for weapons, he was placed in front of Hutcheson's patrol car. A few moments later Hutcheson noticed Appellant lying on his back underneath the front of the car. A search of that area revealed a baggie of cocaine at the rear of the right front tire. The previous pat-down search of Appellant had not revealed any cocaine.
Appellant first argues that the search of the interior of the car and afterwards the trunk of the car was illegal. This issue turns on whether Appellant's consent to look inside the car permitted Trooper Hutcheson to look inside a closed container within the car. We find that Appellant gave consent to Hutcheson's "looking around", but that the search of closed containers exceeded the scope of permissible intrusion. State v. Wells, 539 So.2d 464 (Fla. 1989), holds that while the extent of a probable cause search is defined by the state, the extent of a consensual search is circumscribed by the individual. Id. at 467.
Here, the marijuana, which the state contends gave rise to probable cause to search the trunk and seize the cocaine inside, was within a closed, though not sealed or locked, cosmetic kit in the vehicle. This court has recently held on similar facts that a search of closed containers exceeds the scope of a general consent. State v. Abrams, 548 So.2d 820 (Fla. 2d DCA 1989) and State v. Neeley, 548 So.2d 1165 (Fla. 2d DCA 1989).
We therefore reverse the trial court's order denying the suppression of the cocaine found in Appellant's vehicle. As we did in Abrams and Neeley, we certify the following question to the Florida Supreme Court:
IF A MOTOR VEHICLE IS LAWFULLY STOPPED BY LAW ENFORCEMENT AND THE DRIVER CONSENTS TO THE OFFICER'S LOOKING INSIDE THE VEHICLE, DOES THE CONSENT GIVEN EXTEND TO THE SEARCH OF CLOSED CONTAINERS WITHIN THE VEHICLE WHICH ARE NEITHER LOCKED NOR SEALED?
Because the cocaine beneath the trooper's vehicle was found and seized as a result of the previous illegal search, seizure and consequent arrest, it is also excluded as "fruit of the poisonous tree." See Delap v. State, 440 So.2d 1242 (Fla. 1983).
*214 We affirm Appellant's conviction of resisting arrest with force and violence because the use of force in resisting arrest by a person reasonably known to be a law enforcement officer is unlawful notwithstanding the technical illegality of arrest. State v. Johnson, 382 So.2d 866 (Fla. 2d DCA 1980).
We have considered Appellant's remaining points on appeal and find no reversible error. We reverse Appellant's conviction for possession of cocaine. We affirm the conviction for resisting arrest with force and violence.
Reversed in part; affirmed in part.
HALL, Acting C.J., and PATTERSON, J., concur.