SMITH, Judge.
Appellant seeks reversal of his conviction for trafficking in cocaine, contending that the trial court erred in denying his motion to suppress. We reverse.
Appellant and his companion were traveling west on Interstate 10 when they were validly stopped by state troopers for speeding. When the two gave conflicting and vague stories concerning their departure city and their destination, the officers requested permission to search the car.[1] They did not indicate they would be looking for narcotics. Appellant manifested his consent to the search by opening the trunk and saying, “there it is.” There was no further discussion between appellant and the officers concerning the scope of consent given or whether the consent to search extended to the opening of closed containers within the vehicle.
One of the officers looked in the trunk and saw several closed, zippered bags. He unzipped a tote bag and discovered what he believed to be cocaine. Appellant and his companion were placed under arrest and the troopers continued their search. Inside a garment bag in the trunk, they found a paper bag filled with money. Under the front passenger seat, the officer found a white plastic bag with the words “Puppy Care” printed on it. The officer could not remember whether the bag was knotted, commenting “it might have been knotted. I just don’t remember.” He opened the bag and discovered more cocaine.
In his motion to suppress, appellant argued that although he gave the troopers permission to look in the trunk of the car, this did not confer on them the authority to open the zippered bag in the trunk absent probable cause to search the vehicle, relying on State v. Wells, 539 So.2d 464 (Fla.), cert. granted, — U.S. -, 109 S.Ct. 3183, 105 L.Ed.2d 692 (1989). The trial court denied the motion to suppress on the grounds that the search in this case did not involve the opening of a sealed or locked container.
On appeal, the state urges that it matters not whether the search of the zippered tote bag was valid, or invalid; that once the officers found the cocaine under the front seat, they had probable cause to search the trunk and every container in it. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). We find this *436 argument unavailing under the facts of this case.
In Wells, a trooper was given consent to search a car trunk. A locked suitcase found in the trunk was pried open with a knife. The Florida Supreme Court ruled that the general consent given to look in the automobile trunk did not constitute permission to pry open the locked piece of luggage found inside.
We agree with the trial court that this case presents a situation somewhat distinguishable from Wells in that here the zippered tote bag was not locked or sealed such that the officer had to pry it open or break into it to search its contents. Instead, the officer merely unzipped the bag. Accordingly, the issue in this case is whether appellant’s general consent to search a-vehicle stopped for speeding, with no other attendant incriminating circumstances indicating the presence of narcotics, and no expression or indication by the officers that they were looking for narcotics, gave the officers permission to search closed, zippered luggage in the trunk which was neither locked nor sealed. See W.R. LaFave, Search and Seizure, § 8.1(c) (2nd ed.1987).
The consensual search is circumscribed by the extent of the permission given, as determined by the totality of the circumstances. Wells, 539 So.2d at 467, citing State v. Fuksman, 468 So.2d 1067, 1070 (Fla. 3d DCA 1985). We hold that under the facts of this case, the officer’s search of the closed, zippered tote bag exceeded the scope of general consent given. Wallace v. State, 557 So.2d 212 (Fla. 2d DCA 1990); and State v. Abrams, 548 So.2d 820 (Fla. 2d DCA 1989). The search of the closed, possibly knotted white “Puppy Care” bag under the front seat is invalid for the same reason and thus the cocaine found therein did not give the officers the necessary probable cause to search the closed containers in the trunk. As the Second District Court of Appeal did in Wallace and Abrams, we certify the following question to the Florida Supreme Court:
IF A MOTOR VEHICLE IS LAWFULLY STOPPED BY LAW ENFORCEMENT AND THE DRIVER CONSENTS TO THE OFFICERS LOOKING INSIDE THE VEHICLE, DOES THE CONSENT GIVEN EXTEND TO THE SEARCH OF CLOSED CONTAINERS WITHIN THE VEHICLE WHICH ARE NEITHER LOCKED NOR SEALED?
REVERSED.
WENTWORTH and JOANOS, JJ., concur.

. There is some confusion in the testimony as to whether the officers requested and received permission to search the "car” or merely the "trunk” of the car. After reviewing all the evidence in the record, we agree with the state that the record supports the conclusion that the officers sought and received permission to search the “car."