564 So.2d 595 (1990)
Herbert Bernard HOLLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-03307.
District Court of Appeal of Florida, Second District.
July 27, 1990.
*596 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The state charged the defendant with robbery of a number of convenience stores and fast food restaurants during January and February 1987. He was tried by jury and convicted of one count of RICO (Racketeer Influenced and Corrupt Organization Act), section 895.03(3), Florida Statutes (1985), and twelve counts of robbery with a deadly weapon, violations of section 812.13(2), Florida Statutes (1985). He appeals his judgments and sentences and raises several issues. We have examined each and find two points meritorious.
First, the defendant correctly points out that the trial court erred by denying his motion for judgment of acquittal as to the RICO charge. One person acting alone cannot be an enterprise for RICO purposes absent proof that he used a business entity as a conduit for criminal activity. Day v. State, 541 So.2d 1202 (Fla. 2d DCA 1988), rev. denied, 545 So.2d 869 (Fla. 1989) (sole participant in series of armed robberies could not be an enterprise under RICO). Here the evidence disclosed that the defendant acted alone and did not use a business organization to commit the offenses for which he was charged. Therefore, we must vacate the RICO conviction.
Second, the defendant correctly argues that the trial court erred by denying his pretrial motion for severance of the robbery counts. It is improper to deny a defendant's motion for severance where, as here, the counts merely involve similar circumstances. State v. Williams, 453 So.2d 824, 825 (Fla. 1984); Jackson v. State, 539 So.2d 491 (Fla. 2d DCA), rev. denied, 545 So.2d 1369 (Fla. 1989); Wallis v. State, 548 So.2d 808 (Fla. 5th DCA 1989); Fla.R. Crim.P. 3.152(a).
We find no merit in the argument regarding the identifications made by the victims of four of the robberies charged against the defendant. Finally, our disposition of the RICO charge and the severance issue renders moot the remaining issues concerning an alleged discovery violation and objections to the state's closing argument.
Accordingly, we vacate the defendant's conviction for RICO and discharge him from that count. We reverse the robbery convictions and remand for new trials on the twelve robbery charges.
HALL and PATTERSON, JJ., concur.