SHORES, Justice.
John B. Fassina, Jr., appeals from a summary judgment for Cincinnati Insurance Company (“Cincinnati”) holding that Fassi-na was not entitled to stack additional uninsured motorist coverage under a policy owned by his employer, the City of Fulton-dale. We affirm.
The facts are not disputed. On January 7, 1985, Fassina was a police officer with the Fultondale Police Department. While directing traffic at the scene of an automobile accident (an activity in the line and scope of his employment), Fassina was struck and injured by a ear driven by an uninsured motorist. From May 15, 1984, until May 15, 1987, the City of Fultondale had a general automobile insurance policy with Cincinnati. Pursuant to the policy, Fassina was paid $20,000, and in return he *1112 signed the following “Receipt For Payment”:
“RECEIPT FOR PAYMENT
“(Uninsured Motorists)
“Received from Cincinnati Insurance Company the sum of TWENTY THOUSAND and no/100 Dollars ($20,000.00) in full satisfaction of the obligation of the Company to the undersigned under Uninsured Motorists coverage of ... City of Fultondale under Policy No. 55 81 55 for payment of all damages by reason of injuries sustained by John B. Fassina and caused by an uninsured automobile owned by Barbara McDowell Melton and operated by same.
“The undersigned acknowledges and agrees that said sum represents the full amount of damages due him according to the terms of said policy and further agrees, in consideration of such payment, upon the Company’s request, to take such action as may be necessary to recover from the owner or operator of such uninsured automobile the damages suffered by the undersigned. In the event of a recovery, the Company shall be reimbursed out of such recovery to the extent of any payment made to the undersigned; and, in addition, shall be reimbursed for expenses, costs and attorney’s fees by it in connection with such action.”
Cincinnati filed a declaratory judgment action on April 4, 1989, seeking a judgment declaring that Fassina was not entitled to stack additional uninsured motorist coverage under the policy owned by the City of Fultondale. Cincinnati contends that the “receipt for payment” signed by Fassina relieves it of any further liability to him. Cincinnati filed a motion for summary judgment and, on December 7, 1990, the trial court granted the motion.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter summary judgment. The trial court must determine: 1) that there is no genuine issue of material fact; and 2) that the moving party is entitled to a judgment as a matter of law. Rule 56; RNH, Inc. v. Beatty, 571 So.2d 1039 (Ala.1990). In determining if summary judgment is proper, the trial court must view the motion in a light most favorable to the nonmovant, and, in reviewing a summary judgment, this Court is limited to reviewing the factors and evidence considered by the trial court when it granted the motion. Turner v. Systems Fuel, Inc., 475 So.2d 539 (Ala.1985).
Rule 56 is to be read in conjunction with the “substantial evidence rule” for actions filed after June 11, 1987. See § 12-21-12, Alabama Code 1975; Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Therefore, in order to defeat a properly supported motion for summary judgment, Fassina must present “substantial evidence,” i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In order to determine whether the language of a receipt or a release is ambiguous, we must give the words of such a document their ordinary meaning. Regional Health Services, Inc. v. Hale County Hospital Board, 565 So.2d 109, 112 (Ala.1990). Further, written receipts and releases are governed by Alabama Code 1975, § 12-21-109, which states:
“All receipts, releases and discharges in writing, whether of a debt of record, a contract under seal or otherwise, and all judgments entered pursuant to pro tanto settlements, must have effect according to their terms and the intentions of the parties thereto.”
The language of the receipt signed by Fas-sina, giving that language its ordinary meaning, is clear and unambiguous.
The intent of the parties was clearly expressed in the language stating that the $20,000 payment was “in full satisfaction of the obligation of the Company [Cincinnati] to the undersigned [John B. Fassina] under Uninsured Motorists coverage ... under Policy No. 55 81 55 for payment of all damages by reason of injuries sustained by John B. Fassina [the undersigned] and *1113 caused by an uninsured automobile.” The receipt further noted that “The undersigned [Fassina] acknowledges and agrees that said sum represents the full amount of damages due him according to the terms of said policy....” It is clear that by signing the receipt, Fassina intended to settle all claims, present and future, that he had against Cincinnati under Policy No. 55 81 55. The fact that Policy No. 55 81 55 was a fleet policy covering three vehicles does not render the language of the receipt ambiguous.
In the absence of fraud or ambiguity, a release supported by valuable consideration will be given effect áccording to the intention of the parties, judged by the court from the language within the four corners of the document itself. Johnson v. Asphalt Hot Mix, 565 So.2d 219, 220 (Ala.1990). The receipt is unambiguous in its terms; Fassina was represented by counsel at all times during the settlement negotiations. Because Fassina made no allegations of fraud in the signing of the release, the only issue presented to the trial court was that of ambiguity. The trial court correctly held that the receipt was unambiguous, and, therefore, that there was no genuine issue of material fact and that Cincinnati was entitled to a judgment as a matter of law. Accordingly, its judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.