613 So.2d 523 (1993)
STATE of Florida, Appellant,
v.
Raymond D. FREENEY, Appellee.
No. 92-01056.
District Court of Appeal of Florida, Second District.
January 20, 1993.
*524 Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Karen K. Purdy, Asst. Public Defender, Bartow, for appellee.
ALTENBERND, Judge.
The state appeals an order suppressing evidence concerning the defendant's violent conduct when he was detained without reasonable suspicion by two police officers. We reverse because the evidence at the suppression hearing did not establish that Mr. Freeney was legally entitled to use physical force against these police officers in response to this unlawful stop. See Wallace v. State, 557 So.2d 212 (Fla. 2d DCA 1990). His use of force is not fruit of any illegal search or seizure, but an independent act of misconduct. State v. Taylor, 557 So.2d 941 (Fla. 2d DCA 1990).
Mr. Freeney was arrested on November 25, 1991, and charged with battery on a law enforcement officer and obstructing an officer without violence. At the suppression hearing, the arresting officer explained that he and another officer in a drug control unit were patrolling a neighborhood at approximately 9 p.m. in an unmarked car. The officers were in the neighborhood because the police had received numerous complaints of drug dealers selling drugs in a particular parking lot. When the officers drove by this location, the defendant approached their car. The officers got out of their car. They were wearing raid jackets marked with a police emblem and the word "police." The defendant turned away from the officers, put his left hand into his left front pocket, and began walking away. The arresting officer ordered the defendant to come back and take his hands out of his pocket because the officer thought the defendant was concealing a weapon or contraband. The officer then attempted to pat down the defendant for weapons. The defendant repeatedly moved his body to avoid a pat-down of his left front pocket.
The second officer was on the other side of the police car and was involved with another man. As a result, the arresting officer decided to place handcuffs on the defendant as a safety precaution. As the officer was attempting to handcuff him, Mr. Freeney pushed the officer backwards and ran away. This physical contact is the event that resulted in the felony charge of battery on a law enforcement officer. § 784.07, Fla. Stat. (1991).
The two officers then chased Mr. Freeney and eventually caught him. He had to be physically restrained because he continued to struggle on the ground. This conduct resulted in the misdemeanor charge of obstructing an officer. § 843.02, Fla. Stat. (1991). No drugs or other items of physical evidence were seized incident to this arrest.
The defendant filed a motion to suppress pursuant to Florida Rule of Criminal Procedure 3.190(h). The motion is unusual in that it does not attempt to suppress physical evidence or statements of the defendant. Instead, it attempts to suppress "any evidence of any physical contact between defendant and the arresting officer(s) and any struggle or flight therefrom."[1] The trial court granted this motion, finding "said evidence to be fruits of *525 an illegal seizure not based upon legally founded suspicion."
It is well established that a person is not entitled to use physical force to contest an illegal arrest. Meeks v. State, 369 So.2d 109 (Fla. 1st DCA 1979); Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990); Wallace; Dominique v. State, 590 So.2d 1059 (Fla. 4th DCA 1991). See § 776.051(1), Fla. Stat. (1991). In a creative effort to avoid this rule, Mr. Freeney has attempted to suppress the evidence of his force on grounds that the preceding arrest was illegal, and his violence flowed in some fashion from the illegal arrest.
For purposes of this appeal, we accept the trial court's determination that the officers lacked the founded suspicion necessary to justify this stop. The trial court erred as a matter of law, however, when it concluded that Mr. Freeney's conduct was fruit of this illegal stop. Taylor. See 4 Wayne R. LaFave, Search and Seizure § 11.4(j) (2d ed. 1987). Even though the altercations between Mr. Freeney and the police may never have occurred "but for" the stop, the evidence concerning the defendant's battery on the police officer and his alleged obstruction is not legally derivative for purposes of the exclusionary rule. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). See LaFave, supra, § 11.4(a). Under the law, the defendant was expected to tolerate this type of illegal stop and to seek redress for any violation of his rights in a subsequent legal proceeding.
Reversed and remanded.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The state has treated this motion as if it were a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), resulting in an order of dismissal. We recognize the similarity between the motions under these facts, but review the order as an order of suppression. The motion only alleged a basis for suppression; it did not attempt to allege an undisputed right of self-defense in connection with excessive force by the two officers during the unlawful stop. See Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985).