FRANK, Acting Chief Judge.
Jimmie Lee Dorsey appeals from convictions for racketeering, possession of cocaine, possession of marijuana, petit theft, and grand theft of a firearm. We affirm in part and reverse in part.
This case arose when Dorsey walked into Eisenhower Junior High School in Hillsbor-ough County and surrendered marijuana and money to a secretary there, stating that he wished to lecture the students on the dangers of drugs. Naturally, officers were called, and Dorsey told one deputy that he had been trading crack cocaine for property in Wimauma. A subsequent seizure of evidence from Dorsey’s trailer was effected. Taken were some 75 to 80 items, including fishing equipment, firearms, jewelry, and tools. The sheriff’s office also took photographs of property in the trailer, thirty-eight of which were introduced into evidence at the trial. Dorsey never admitted that any of the property for which he traded drugs was stolen.
The first issue with which we must be concerned is Dorsey’s racketeering conviction. The state contended that Dorsey was operating a business entity that had as its purpose the procurement of stolen property in exchange for illegal drugs. Subsumed within the charge was Dorsey’s alleged association with a group of individuals constituting a criminal enterprise. The evidence at trial, however, wholly failed to demon *1369 strate that any such enterprise existed, and the trial court erred in denying Dorsey’s motion for judgment of acquittal.
Since the time of Dorsey’s trial, our court has consistently held that an individual cannot constitute a criminal enterprise. Holley v. State, 564 So.2d 595 (Fla. 2d DCA 1990); Day v. State, 541 So.2d 1202 (Fla. 2d DCA 1988), rev. denied, 545 So.2d 869 (Fla.1989); State v. Smith, 582 So.2d 1112 (Fla. 2d DCA 1988). In Smith and Day this court reconciled the seeming conflict in cases from the first and third districts, State v. Bowen, 413 So.2d 798 (Fla. 1st DCA 1982), and State v. Nishi, 521 So.2d 252 (Fla. 3d DCA 1988). Although Nishi held that an individual could not comprise a racketeering enterprise, Bowen seemed to hold to the contrary. But the individual in Bowen was the sole proprietor of a warehouse, which was an entity separate and distinct from the defendant. This requirement of a separate and distinct entity is missing from this case, as it was from Smith, Day, and Holley. Accordingly, Dorsey’s RICO conviction cannot stand.
Another error urged by Dorsey is that the court erred in admitting, over objection, the thirty-eight photographs of the property in his trailer. We agree with this contention. Nowhere in the record can there be found any connection between those photographs and the property Dorsey admitted receiving in exchange for cocaine. Furthermore, there was no evidence that they depicted stolen property, but that was the clear inference to be drawn from them. Admission of these highly prejudicial but irrelevant photographs was error, and the petit theft conviction must be reversed. The state did, however, present sufficient independent evidence of grand theft of a firearm for that conviction to stand.
Affirm convictions for possession of cocaine, possession of cannabis, and grand theft of a firearm; reverse convictions for racketeering and petit theft.
PATTERSON and BLUE, JJ., concur.