RYDER, Acting Chief Judge.
The State of Florida questions the trial court’s order setting aside the jury verdicts and granting a new trial. The final order of acquittal on Count I, RICO, is not appealable by the state; however, the state may appeal the grant of a new trial as to the unacquitted counts. Because the trial court properly granted the motion for severance and thus granted a new trial as to all charges, we affirm.
The forty-seven count indictment arose out of a rash of automobile hijackings and home invasions that occurred over an eight-month period during 1990 and 1991. Mr. Fudge was charged with various criminal offenses including RICO, robbery, armed burglary of a conveyance, armed burglary of a dwelling, grand theft motor vehicle, grand theft firearm, shooting at or within a vehicle, first degree arson and armed kidnapping. Numerous witnesses testified, but most were unable to identify the perpetrator because he wore a mask and gloves as his modus operan-di.
The jury deadlocked on twenty-six counts and delivered verdicts on twelve counts. Mr. Fudge was found guilty on five counts and not guilty on seven counts. The court declared a mistrial on the twenty-six deadlocked counts. Upon reconsideration, the judge granted a directed verdict of acquittal as to the racketeering charge. She also granted a motion to sever, and, declaring that Mr. Fudge did not receive a fair trial due to the joinder of all of the unrelated incidents, granted a new trial.
Two issues are raised on appeal. First, whether a jury deadlock is the functional equivalent of a verdict for purposes of direct appellate review by the state; and, second, whether the trial court erred in ordering a new trial.
The state argues that the jury deadlock on Count I, RICO, is appealable on direct review as an interlocutory order, or, alternatively, that common law certiorari permits review. The state’s right of appeal in criminal cases depends on statutory authorization and is governed strictly by statute. State v. Creighton, 469 So.2d 735, 740 (Fla. 1985). Section 924.07(l)(j), Florida Statutes (1991), provides that the state may appeal from a ruling granting a motion for judgment of acquittal after a jury verdict. Here, however, because the jury deadlocked, there was no verdict. Thus, no appeal is authorized by section 924.071. Moreover, we do not find it otherwise reviewable by certiorari.
Turning to the second issue, we conclude that the trial court did not abuse its discretion in granting the severance, setting aside the verdicts and granting a new trial. Florida Rule of Criminal Procedure 3.600(b)(8) provides that the court shall grant a new trial if the defendant did not receive a fair and impartial trial, provided that substantial rights of the defendant were prejudiced thereby.
The trial court properly granted the defendant’s motion for severance where the counts merely involved similar circumstances. State v. Williams, 453 So.2d 824, 825 (Fla.1984); Holley v. State, 564 So.2d 595 (Fla. 2d DCA 1990); Jackson v. State, 539 So.2d 491 (Fla. 2d DCA), review denied, 545 So.2d 1369 (Fla.1989); Wallis v. State, 548 So.2d 808 (Fla. 5th DCA 1989). “It is improper to deny a defendant’s motion for severance where the counts merely involve similar circumstances.” Holley, 564 So.2d at 596.
The state argues that the Florida Supreme Court recognized the prosecution’s “fail-back argument” that the testimony concerning each of the criminal episodes could have been introduced in the trial of the other as similar fact evidence under section 90.404(2), Florida Statutes (1993), and Williams v. State, 110 So.2d 654 (Fla.), cert, denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). See Crossley v. State, 596 So.2d 447, 450 (Fla.1992). However, the multiple offenses here involved incidents of vehicle ramming, carjacking and robbery, burglary of unoccupied homes where the perpetrators “spotted” at local churches to verify that the residents were attending religious services, home invasions, a burglary that occurred when the perpetrator saw an ambulance leaving a residence in the late evening hours, arson and grand theft at a closed business establishment. We do not agree that these *25 various similar facts could be properly admitted under section 90.404(2) in the context of a single trial.
Affirmed.
SCHOONOVER and THREADGILL, JJ., concur.