PER CURIAM.
The State of Florida challenges a post-verdict order granting John Cochran’s motion for judgment of acquittal on the charge of battery on a law enforcement officer, reducing the verdict of guilty as charged to the lesser offense of battery. We reverse.
The incident giving rise to Cochran’s charge for battery on a law enforcement officer occurred at the police station while officers were trying to fill out paperwork pursuant to Cochran’s arrest on a separate charge. At Cochran’s trial, he made a motion for judgment of acquittal at the close of *851 the state’s case and at the close of all the evidence. Cochran argued that his original arrest was unlawful, and therefore, all of the elements of battery on a law enforcement officer were not proven because the officer he battered was not engaged in the lawful performance of his duties. The trial court reserved ruling on the motion, and the jury found Cochran guilty as charged. Thereafter, the trial court granted Cochran’s motion on the charge of battery on a law enforcement officer, reducing the verdict to misdemeanor battery.
First, Cochran argues that the state may not appeal the trial court’s order granting the motion for judgment of acquittal. We disagree. Pursuant to section 924.07(1)(j), Florida Statutes (1993), the state may appeal a ruling granting a motion for judgment of acquittal after a jury verdict. See also State v. Smith, 601 So.2d 268 (Fla. 1st DCA), review denied, 605 So.2d 1266 (Fla.1992).
Second, for purposes of this appeal, we accept the trial court’s determination that Cochran’s initial arrest was unlawful. However, a suspect is not justified in committing a battery on a law enforcement officer, even if the suspect is in custody pursuant to an unlawful arrest. State v. Freeney, 613 So.2d 523 (Fla. 2d DCA), review denied, 621 So.2d 1065 (Fla.1993); Morley v. State, 362 So.2d 1013 (Fla. 1st DCA 1978). Consequently, the illegality of Cochran’s initial arrest does not bar his conviction for battery on a law enforcement officer.
Accordingly, we reverse the trial court’s order granting the judgment of acquittal and remand to the trial court for further proceedings. On remand, the trial court is directed to enter a judgment in accordance with the jury’s verdict and to sentence Cochran in accordance with that verdict.
THREADGILL, C.J., and PARKER and WHATLEY, JJ., concur.