711 So.2d 244 (1998)
David Homer HUDSON, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 96-3467.
District Court of Appeal of Florida, First District.
June 1, 1998.
*245 Kenneth L. Brooks, Jr., of Clay, Fitzgerald & Brooks, P.A., Milton, for Appellant/Cross-Appellee.
Robert A. Butterworth, Attorney General, Tallahassee; Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee/Cross-Appellant.
BENTON, Judge.
On two grounds, David Homer Hudson appeals convictions for trafficking in and conspiracy to traffic in 200 or more but less than 400 grams of cocaine. When the defendant appealed the judgment against him, the state filed a notice of cross-appeal directed to the judgment of acquittal the trial court had earlier granted on charges that Mr. Hudson was guilty of offenses involving at least 400 grams of cocaine. We affirm the convictions and dismiss the state's cross-appeal.
First Mr. Hudson asserts that admission in evidence of statements he made to the police was error. We conclude the trial court properly admitted the statements. Mr. Hudson's testimony to the contrary notwithstanding, other evidence at the suppression hearing fully supported the trial court's findings that Mr. Hudson never invoked his right to remain silent and that he voluntarily gave the statements only after police apprised him of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
He also argues that his convictions should be reversed because the jury learned that cocaine-contaminated water in a beaker weighed 251 grams. Both the conspiracy and the substantive offenses of which he was convicted required proof that 200 or more grams of cocaine were involved. § 893.135(1)(b)1.b., Fla. Stat. (1995). Mr. Hudson states his second point on appeal as
WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ALLOWING THE JURY TO CONSIDER THE WEIGHT OF WATER TESTED AS EVIDENCE OF THE WEIGHT OF COC[AJ]NE TO CHARGE DEFENDANT WITH.
He contends the beaker, found in a sink, might well have contained water used to rinse the beaker, rather than a solution intended for distribution. See State v. Yu, 400 So.2d 762, 765 (Fla.1981) ("The legislature reasonably could have concluded that a mixture containing cocaine could be distributed to a greater number of people than the same amount of undiluted cocaine and thus could pose a greater potential for harm to the public."). We conclude this issue was not properly preserved for appeal.
The defense did object to introduction of a laboratory report stating that tests had demonstrated the presence of an unspecified amount of cocaine in the water. The report also recited the weight of the solution. Mr. Hudson's trial counsel requested that the report and any testimony predicated on the report be suppressed, asserting that the substance of the report was irrelevant.
But the presence of a beaker containing cocaine-bearing water and some indication of the quantity of the water were clearly relevant to prove the offenses charged. No motion for judgment of acquittal or request for limiting jury instructions was made on the ground that the weight of the water ought not be considered by the jury in determining the gravity of any offense. With the case in this posture, we affirm appellant's convictions without reaching the merits of his second point on appeal.

Cross-Appeal
After the jury had been sworn, but before it had rendered a verdict, the trial judge *246 granted a motion for judgment of acquittal as to charges that Mr. Hudson was guilty of offenses involving 400 or more grams of cocaine. The motion was predicated on the allegedly dubious quality of certain evidencehaving nothing to do with the water in the beakerconcerning the amount of cocaine involved. The judgment of acquittal having resolved the most serious charges, the trial went forward and eventuated in the judgment which is the subject of the main appeal. In the circumstances of the present case, we conclude that no cross-appeal is authorized.
The state seeks to appeal the granting of a motion for judgment of acquittal, which entails a determination that "the evidence is insufficient to warrant a conviction." Fla. R.Crim. P. 3.380(a) (1996); cf. United States v. Scott, 437 U.S. 82, 100, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978) (holding government may appeal a ruling made after jeopardy attaches and before verdict, if the defendant "obtains the termination of the proceedings against him in the trial court without any finding by a court or jury as to his guilt or innocence").
In Florida, the state's right to appeal in a criminal case is a matter of legislative grace. See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1104 & n. 1 (Fla.1996) (noting that while a criminal defendant's "right of appeal was protected by our constitution, ... the state's right to appeal in criminal cases was governed by statute"); State v. MacLeod, 600 So.2d 1096 (Fla.1992); State v. Creighton, 469 So.2d 735, 737 (Fla.1985) (approving dismissal of state appeal on grounds "order granting a motion for judgment of acquittal is not among the rulings set out in the [then current] statute ... as appealable"). "The state's right to appeal is purely statutory. Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947); State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976)." State v. C.C., 476 So.2d 144, 145 (Fla.1985).
Only in the circumstances it specifies does section 924.07, Florida Statutes (1995), confer on the state the right to appeal in criminal cases. With respect to a judgment of acquittal, subsection (1)(j) provides that "[t]he state may appeal from ... [a] ruling granting a motion for judgment of acquittal after a jury verdict." § 924.07(1)(j), Fla. Stat. (1995) (emphasis supplied). Read in the context of the double jeopardy provisions in article I, section 3, Florida Constitution (1968) and the Fifth Amendment to the United States Constitution, this statutory provision plainly contemplates appeal from a judgment of acquittal only if the judgment of acquittal follows a guilty verdict.
Construing subsection (1)(j) strictly in keeping with its language obviates the need to decide state and federal constitutional questions that would arise if the statute were construed to allow an appeal in the present case. See Silver Rose Entertainment, Inc. v. Clay County, 646 So.2d 246, 248 (Fla. 1st DCA 1994) (noting "rule of decision which forbids reaching constitutional questions when cases can be disposed of on statutory grounds, we turn first to ... [the] statutory claim"). "[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, our duty is to adopt the latter." United States ex rel. Attorney General v. Delaware & Hudson Co., 213 U.S. 366, 408, 29 S.Ct. 527, 536, 53 L.Ed. 836 (1909).
In granting a motion for judgment of acquittal, the trial judge makes a factual determination "at the close of the evidence for the state or at the close of all the evidence in the cause ... [that] the evidence is insufficient to warrant a conviction." Fla. R.Crim. P. 3.380(a) (1996). When an appeal is taken from a judgment of acquittal that comes after the jury has determined the facts, no question of double jeopardy arises. See Ramos v. State, 505 So.2d 418 (Fla.1987); Mixon v. State, 59 So.2d 38 (Fla.1952). If the state prevails on an appeal from a post-verdict judgment of acquittal, the jury's guilty verdict is reinstated, the trial judge's contrary determination is set at naught, and the defendant's position after the appeal is the same as it was before the trial judge granted the motion for judgment of acquittal. No retrial is necessary.
*247 Where a judgment of acquittal terminates a trial, the situation is otherwise. But it is still true that, when the trial judge grants a motion for judgment of acquittal under Florida Rule of Criminal Procedure 3.380(a), "the ruling of the judge ... actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." United States v. Martin Linen Supply Co., 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). In such cases, "[p]erhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that `[a] verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' United States v. Ball, 163 U.S. 662, 670-71, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)." Id.; see Lee v. United States, 432 U.S. 23, 29-30, 97 S.Ct. 2141, 2145, 53 L.Ed.2d 80 (1977).
When a jury acquits, "there is no exception [to the prohibition against trying the same person again for the same offense] permitting retrial once the defendant has been acquitted, no matter how `egregiously erroneous,'" Sanabria v. United States, 437 U.S. 54, 75, 98 S.Ct. 2170, 2184, 57 L.Ed.2d 43 (1978) (quoting Fong Foo v. United States, 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962)), the acquittal may have been. The same rule obtains when acquittal rests on a judicial determination, after jeopardy has attached and before a verdict is returned, that the evidence does not establish the fact of the crime.
Against this background, we have also to consider whether another provision of section 924.07, Florida Statutes (1995), confers authority on the state to take an appeal in the present case. In doing so, we look to decisions of sister courts allowing the state to "appeal a ruling granting a motion for judgment of acquittal after a jury verdict," State v. Cochran, 667 So.2d 850, 851 (Fla. 2d DCA 1996), while refusing to allow the state to appeal where "there was no verdict." State v. Fudge, 645 So.2d 23, 24 (Fla. 2d DCA 1994) (dismissing appeal where there was no verdict "because the jury deadlocked"). Subsection (1)(d) authorizes the state to take an appeal from
[a] ruling on a question of law when the defendant is convicted and appeals from the judgment. Once the state's cross-appeal is instituted, the appellate court shall review and rule upon the question raised by the state regardless of the disposition of the defendant's appeal.
§ 924.07(1)(d), Fla. Stat. (1995). In keeping with precedent and with the familiar rule of statutory construction that "a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms," McKendry v. State, 641 So.2d 45, 46 (Fla. 1994); Adams v. Culver, 111 So.2d 665, 667 (Fla.1959), we decline to construe the general language of subsection (1)(d) as overriding the specific provision in subsection (1)(j), which authorizes appeals only from judgments of acquittal granted "after a jury verdict." § 924.07(1)(j), Fla. Stat. (1995).
Appellant's convictions are affirmed. The state's cross-appeal is dismissed.
BARFIELD, C.J., and KAHN, J., concur.