PER CURIAM.
David Homer Hudson petitions this court for a writ of habeas corpus, contending that his appellate counsel was ineffective. For the reasons set forth below, we grant the petition.
The state tried Hudson and co-defendants McClain and Perkins together. The evidence showed that Frederick Griffin manufactured cocaine and sold it to Michael McQueen, who in turn sold it to Hudson, Perkins, and McClain for re-sale. Hudson was convicted of trafficking in and conspiracy to traffic in 200 or more but less than 400 grams of cocaine. McClain and Perkins were convicted of similar conspiracy offenses and possession.
In a direct appeal to this court, petitioner challenged the admissibility of a statement he gave to the police and this court affirmed on that issue. Hudson v. State, 711 So.2d 244, 246 (Fla. 1st DCA 1998). He also argued there was error in determining the weight of the cocaine because it was dissolved in water and that the weight of the water should not have been included in the calculation. This issue was found to not have been properly preserved for appeal. Id.
Perkins and McClain argued on appeal that there was insufficient evidence to support their conspiracy convictions. This court agreed, finding that, while there was evidence of a conspiracy between McQueen and the appellants, there was no evidence of any particular quantity of contraband. Their conspiracy convictions were therefore reversed. McClain v. State, 709 So.2d 136 (Fla. 1st DCA 1998); Perkins v. State, 707 So.2d 1199 (Fla. 1st DCA 1998).
Not surprisingly, Hudson now argues that his appellate counsel was ineffective in failing to challenge both of his convictions on the same basis. The state opposes relief, pointing to two items of evidence presented only against Hudson. First, in his statement to police, Hudson admitted to having purchased approximately $1,000 worth of cocaine from McQueen. There was also evidence that $1,000 would purchase 28 grams of cocaine. Second, Hudson had $9,000 in cash on his person at the time of his arrest. According to respondent, the jury could have reasonably inferred that these funds were going to be used to purchase cocaine from McQueen or that they were the receipts of sales of cocaine which Hudson had previously obtained from McQueen. We find that Hudson’s statement to police established a quantity of cocaine, 28 grams, which was the subject of the conspiracy between McQueen and Hudson. However, we are unable to accept the respondent’s theory that the $9,000 in cash, without any evidence of its source, could serve as a basis to establish the amount of cocaine involved in the conspiracy.
Based on the above, we conclude that Hudson’s counsel on direct appeal was ineffective in failing to argue that the evidence was insufficient to support convictions for conspiracy to traffic in and trafficking in cocaine in excess of 200 grams. There was evidence, however, to support convictions for those crimes in an amount of 28 grams but less than 200 grams.
The petition for writ of habeas corpus is granted and the cause is remanded to the trial court for entry of an amended judgment adjudicating Hudson guilty of trafficking in and conspiracy to traffic in 28 or more grams *322 of cocaine and re-sentencing as appropriate in light of the amended convictions.
PETITION GRANTED.
JOANOS, KAHN and WEBSTER, JJ., concur.