733 So.2d 552 (1999)
James Richard JACOBS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00179.
District Court of Appeal of Florida, Second District.
April 21, 1999.
*553 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
James Richard Jacobs appeals the order of the trial court which denied his dispositive motion to suppress in this case involving charges of possession of cocaine, possession of cannabis, and possession of drug paraphernalia. Because we are unable to determine from the record if the police exceeded the scope of consent to their request to take "a quick look around," we reverse and remand for an evidentiary hearing on the motion to suppress.
On April 30, 1997, Polk County Sheriff's Deputies Eric Fluman and Greg Connor went to a three-story townhouse with other law enforcement officers in response to anonymous reports of possible narcotics activity. The deputies did not have a search warrant. After the owner answered the door, Deputy Fluman informed him of the anonymous reports and asked if they could "look around." The owner agreed. The first floor was searched. When asked about others in the residence, the owner advised that a tenant on the third floor might be home.
Deputy Fluman proceeded to the third floor, knocked on an open door, and announced his presence. Jacobs came to the door. Deputy Fluman informed Jacobs of a narcotics investigation and requested permission to conduct "a quick look around" the residence. Deputy Fluman testified that Jacobs consented to the search, while Jacobs maintained that he did not give consent.
During the search, Deputy Fluman searched a bookcase, although the extent of that search is not clear from the record. Deputy Fluman subsequently found a tin canister on the floor directly beside a bed. *554 Knowing that such containers often hold drugs, Deputy Fluman opened the canister and found marijuana and a pipe inside. Deputy David Groover, who assisted Deputy Fluman, found methamphetamine residue in a film canister inside a jacket that was hanging in a closet. Deputy Groover testified that Jacobs admitted the jacket belonged to him. It is not clear from the record which deputy found contraband first or whether the deputies searched any other areas of Jacobs' residence.
The State charged Jacobs with possession of cocaine, count one; possession of cannabis, count two; and possession of drug paraphernalia, count three. Jacobs filed a pretrial motion to suppress, which the trial court denied. Jacobs subsequently entered a plea of no contest, reserving his right to appeal the denial of the motion to suppress. The issue on appeal is the scope of consent to a request to take "a quick look around" when that request is coupled with information regarding the object of the search. Although Jacobs denied consenting to the search at trial, he concedes that a construction of the facts most favorable to sustaining the trial court's ruling requires a finding that he did consent to the search. See San Martin v. State, 717 So.2d 462, 469 (Fla.1998).
The scope of consent to search is generally limited to what a reasonable person would have understood to be the object of the search during the exchange between that person and the police. See Florida v. Jimeno, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). Where the object of the search is to locate narcotics, it is reasonable for the police to look inside containers that might contain narcotics. See id. However, it is not reasonable for the police to pry open sealed or locked containers. See Florida v. Wells, 495 U.S. 1, 4-5, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990).
In Jimeno, a police officer followed a car after he overheard what sounded like the driver arranging a drug transaction over a public telephone. See 500 U.S. at 249, 111 S.Ct. 1801. The officer subsequently stopped the car for a traffic infraction. See id. During the stop, the officer informed the driver that he had reason to believe there were narcotics in the car and requested permission to search the car. See id. During the search, the officer found narcotics in a folded brown paper bag on the floor of the passenger compartment. See id. at 250, 111 S.Ct. 1801.
The United States Supreme Court reversed the Florida Supreme Court's holding that the police officer exceeded the scope of consent to search the vehicle by opening a closed, but unlocked container found therein. See id. at 252, 111 S.Ct. 1801. That Court applied the objective reasonableness standard, finding that "[a] reasonable person may be expected to know that narcotics are generally carried in some form of a container." Id. at 251, 111 S.Ct. 1801. The Court also explained that, absent a limitation or withdrawal of consent by a defendant, that consent would be understood to extend to any containers that could hold the object of the search. See id. at 252, 111 S.Ct. 1801.
In the instant case, it is clear that if the deputies had requested permission to "search" Jacobs' residence, the search would not have exceeded the scope of consent under Jimeno. However, there is a semantic distinction between a request to "search" and a request to take "a quick look around." In the context of a vehicle search, this court has held that when a driver gives consent to "look" inside his vehicle, it is unreasonable for the police to open an unlocked, unsealed container. See State v. Abrams, 548 So.2d 820, 823 (Fla. 2d DCA 1989).
In Abrams, a police officer had pulled over a driver following an improper lane change. See id. at 821. After the driver assented to the officer's request to "look in the car," the officer searched a closed satchel-type purse located between the seats and found narcotics therein. See id. In affirming the trial court's order granting *555 the motion to suppress, this court reasoned that the officer exceeded the scope of consent to "look in the car" by opening containers therein. See id. at 823. The court relied on State v. Wells, 539 So.2d 464 (Fla.1989), in which the Florida Supreme Court held that an officer exceeds the scope of consent to search a vehicle by opening a locked suitcase found inside. Recognizing that the holding expanded Wells to exclude unlocked, unsealed containers in addition to locked or sealed containers and that the United States Supreme Court had granted certiorari in Wells, this court certified the following question of great public importance:
IF A MOTOR VEHICLE IS LAWFULLY STOPPED BY LAW ENFORCEMENT AND THE DRIVER CONSENTS TO THE OFFICER LOOKING INSIDE THE VEHICLE, DOES THE CONSENT GIVEN EXTEND TO THE SEARCH OF CLOSED CONTAINERS WITHIN THE VEHICLE WHICH ARE NEITHER LOCKED NOR SEALED?
Id. This court has since twice certified the same question.[1]See Wallace v. State, 557 So.2d 212, 213-14 (Fla. 2d DCA 1990) (holding that the police exceeded the scope of consent to "look around" a vehicle by looking inside a ladies' cosmetic kit found therein); State v. Neeley, 548 So.2d 1165, 1165 (Fla. 2d DCA 1989) (codefendant of Abrams). The supreme court has not answered the certified question.
At the hearing on the motion to suppress, Jacobs argued that under Abrams, the deputies exceeded the scope of consent by opening closed containers in the instant case. However, this case can be distinguished from Abrams and Wallace, where the officers offered no specific reasons for the requests to look inside the vehicles. In this case, Deputy Fluman informed Jacobs that he was investigating an anonymous tip of narcotics activity before requesting permission to take "a quick look around." Because Deputy Fluman related the object of the search, we conclude that Jimeno applies. Under Jimeno, it is clear that upon being informed that the police were conducting a narcotics investigation, a reasonable person would expect the police to look inside unlocked containers[2] that could possibly contain narcotics. However, in the context of a request to take "a quick look around," we find that a reasonable person would not expect the police to go beyond a plain view search. Accordingly, we would limit the search to unlocked containers within plain view. We do not find that this holding will result in unfair surprise to a defendant, who retains the right to withdraw or limit consent at any time. See Jimeno, 500 U.S. at 252, 111 S.Ct. 1801.
Because the deputies in this case specified the object of their search and Deputy Fluman testified that tin canisters are known to contain narcotics, we conclude that the deputies did not exceed the scope of consent by opening the canister on the floor of Jacobs' bedroom. However, the deputies may have exceeded the scope of consent by searching the clothing in Jacobs' closet or in any other area not in plain view. The resolution of this issue depends upon the order and extent of the search in this case. If the deputies found the contraband in the canister before they searched the closet or any other area not in plain view, then the seized contraband in the canister established probable cause *556 for the deputies to search the entire premises. See United States v. Ross, 456 U.S. 798, 823, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). However, if the search of the closet or any other area not in plain view preceded the search of the canister, the deputies exceeded the scope of consent to take "a quick look around." We also note that there is no indication that Jacobs withdrew or limited his consent in any way during the search. In fact, Jacobs testified that he laid down for a nap while the deputies were on the premises. Accordingly, we reverse and remand for an evidentiary hearing on the motion to suppress.
GREEN and CASANUEVA, JJ., Concur.
NOTES
[1] The First District Court of Appeal has also certified this question, although in that case the driver consented to a "search" as opposed to a "look around." See Robertson v. State, 559 So.2d 434, 436 (Fla. 1st DCA 1990). We also note that the Third District appears to be in conflict on this issue. See Palmer v. State, 467 So.2d 1063, 1064 (Fla. 3d DCA 1985) (police do not exceed scope of consent to "look into" defendant's tote bag by opening wrapped packages found therein).
[2] Of course, the container must not be locked or sealed. See Wells, 495 U.S. at 4-5, 110 S.Ct. 1632; Rodriguez v. State, 539 So.2d 513, 513-14 (Fla. 2d DCA 1989) (police exceeded scope of consent to "look" into car by cutting open sealed box).