# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-801
Lower Tribunal No. 14-27350
_____

**The State of Florida,**
Appellant,

vs.

**Major Lundy,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yvonne Colodny, Judge.

Pamela Jo Bondi, Attorney General, and Joanne Diez, Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and SALTER, JJ.

SALTER, J.

The State of Florida seeks to appeal an order granting a defendant's renewed motion for a judgment of acquittal following trial, a jury deadlock, and the trial court's declaration of a mistrial. We dismiss for lack of jurisdiction.

Procedural History

Major Lundy Jr. ("Lundy") was charged with possession of cocaine with intent to sell, possession of marijuana, and possession of ammunition by a convicted felon. Lundy filed a motion to sever the ammunition charge, and that motion was granted.[1] Lundy's jury trial on the severed ammunition count began on February 3, 2016.

After the State rested, Lundy moved for a judgment of acquittal, arguing that the State had failed to establish (a) constructive possession of the ammunition and (b) live "ammunition" as defined in section 791.001(19), Florida Statutes (2014). The trial court denied the motion as to constructive possession, and reserved ruling as to the "ammunition" issue.

The jury could not reach a verdict, and the court declared a mistrial. Five days later, Lundy filed a timely, renewed motion for a judgment of acquittal pursuant to Florida Rule of Criminal Procedure 3.380(c). Lundy again argued both of the alleged deficiencies in the State's case (constructive possession and the

---

[1] The cocaine and marijuana charges were ultimately nolle prossed by the State.

2

evidence required to prove "ammunition"). The trial court then conducted a hearing on Lundy's renewed motion for a judgment of acquittal.

Thereafter, the trial court issued a written order determining that the State had failed to prove either constructive possession of the ammunition or the requisite factual elements to meet the statutory definition of "ammunition." The trial court announced the acquittal on the record and entered a written "Judgment of Acquittal." The State filed a timely notice of appeal.

<u>Analysis</u>

"The State's right to appeal in a criminal case must be 'expressly conferred by statute.'" <u>Exposito v. State</u>, 891 So. 2d 525, 527 (Fla. 2004) (quoting <u>Ramos v. State</u>, 505 So. 2d 418, 421 (Fla. 1987)). The State's statutory authority to appeal is set forth in sections 924.07 and 924.071, Florida Statutes (2016). <u>State v. McMahon</u>, 94 So. 3d 468, 472 (Fla. 2012); <u>see</u> Fla. R. App. P. 9.140(c) (listing the same types of orders the State may appeal in a criminal case). The only mention of "judgment of acquittal" in the two statutes is subsection 924.07(1)(j), which provides that "[t]he state may appeal from . . . [a] ruling granting a motion for judgment of acquittal after a jury verdict." § 924.07(1)(j); <u>see also</u> Fla. R. App. P. 9.140(c)(1)(E) ("The state may appeal an order . . . granting a motion for judgment of acquittal after a jury verdict.")

The State's right to appeal is limited, both in the statute and the rule, to post-verdict judgments of acquittal. § 924.07(1)(j); Fla. R. App. P. 9.140(c)(1)(E). This limitation is "crafted so as not to violate the state and federal constitutional prohibitions against placing a defendant in double jeopardy." State v. Stone, 42 So. 3d 279, 281 (Fla. 4th DCA 2010).

The trial court order granting Lundy's renewed motion for a judgment of acquittal is not an order that the State may appeal. Section 924.07(1)(j) provides that the State may appeal a judgment of acquittal only "after a jury verdict." In Lundy's case, however, the trial court's ruling came after the jury was deadlocked; no verdict had been rendered. See State v. Fudge, 645 So. 2d 23, 24 (Fla. 2d DCA 1994) ("[B]ecause the jury deadlocked, there was no verdict . . . [and] [t]hus, no appeal is authorized by section 924.07(1) [sic]."); see also Hudson v. State, 711 So. 2d 244, 246 (Fla. 1st DCA 1998) ("[Section 924.07(1)(j)] plainly contemplates appeal from a judgment of acquittal only if the judgment of acquittal follows a guilty verdict.").

The State responds to these authorities by arguing that the trial court's order was, in substance, an order granting a motion to dismiss, which is appealable under section 924.07(1)(a). The State contends (1) that the trial court's discharge of the jury reverted the case back to its pretrial posture and (2) that the trial court's order did not meet the definition of "acquittal" because it was not a resolution of all the

4

factual elements of the charged offense. We disagree. The trial court was authorized to rule on the timely, renewed motion for a judgment of acquittal under Rule 3.380(c):

> If the jury returns a verdict of guilty or is discharged without having returned a verdict, the defendant's motion may be made or renewed within 10 days after the reception of a verdict and the jury is discharged or such further time as the court may allow.

The trial court order under review can only be characterized as an order granting a motion for a judgment of acquittal prior to a jury verdict—a non-appealable order.

A trial court order granting a "motion for judgment of acquittal before a jury verdict is not one that the state may appeal under section 924.07." Stone, 42 So. 3d at 284-85. In the federal courts, a similar rule governs; cf. United States v. Martin Linen Supply, 430 U.S. 564, 576 (1977) ("[A]lthough retrial is sometimes permissible after a mistrial is declared but no verdict or judgment has been entered, the verdict of acquittal foreclosed retrial and thus barred appellate review." (citation omitted)).

The State's argument relies on the fact that the trial court rescheduled a new trial before it formally declared a mistrial. The State contends that the prospect of a new trial removes double jeopardy concerns because the case simply reverted to its pretrial posture. We disagree. Lundy's renewal of his motion for a judgment of acquittal was timely and unaffected by the ministerial act of identifying a date for retrial. The court's judgment of acquittal, after considering all of the evidence

adduced at the trial, represents a resolution in Lundy's favor of some or all of the factual elements of the facts charged. See State v. Gaines, 770 So. 2d 1221, 1226 (Fla. 2000) ("[A] trial court's actions constitute an acquittal for double jeopardy purposes when 'the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" (quoting United States v. Scott, 437 U.S. 82, 97 (1978) (alteration in original)).

As the order is not within an enumerated category in the applicable jurisdictional statutes, we dismiss the State's appeal for lack of jurisdiction.