356 So.2d 1325 (1978)
William Charles LOWERY, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1303.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
Steadman S. Stahl, Jr., of Varon, Stahl, Kay & Roderman, Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler and Paul H. Zacks, Asst. Attys. Gen., West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
This is an appeal from a conviction for resisting arrest with violence, contrary to Section 843.01, Florida Statutes (1975). The determinative issue is whether the defendant had the right to forcefully resist an allegedly unlawful arrest[1] by a law enforcement officer. We hold that he did not and affirm.
Defendant has gone to great lengths to demonstrate that his warrantless arrest was not lawful because: (1) the misdemeanor for which he was arrested was not committed in the officer's presence; and (2) the arresting officer was outside of his jurisdiction. This argument misses the point. It matters not whether the arrest was lawful or unlawful because in this case the defendant resisted arrest with violence.
Had defendant resisted arrest without violence, then the legality of his arrest would be a factor since in Florida, the common-law rule that one can resist without *1326 violence an unlawful arrest remains in effect. Marshall v. State, 354 So.2d 107 (Fla. 2d DCA 1978). Until recently, Florida law even permitted the use of force to resist an unlawful arrest. E.g. State v. Saunders, 339 So.2d 641, 642, n. 2 (Fla. 1976). However, in 1974 the legislature modified the common-law rule by enacting Section 776.051, Florida Statutes (1975) (effective July 1, 1975). This statute provides that a person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.
Thus, after July 1, 1975, Section 843.01 must be read in pari materia with Section 776.051; the end result being that the use of force in resisting an arrest by a person reasonably known to be a law enforcement officer is unlawful notwithstanding the technical illegality of the arrest. Marshall, supra; K.G. v. State, 338 So.2d 72 (Fla. 3d DCA 1976). And since it has not been alleged that the officer in this case used unlawful force in effectuating the arrest, it has not been necessary for us to consider the question of a defendant's right to use force in defense of his person under Section 776.012.
The incident giving rise to the charge of resisting arrest with violence occurred on October 17, 1976, well after the effective date of Section 776.051. Therefore, defendant's reliance on case law applying the old common-law rule is misplaced. Under our present law, except for passive nonviolent resistance, the place to contest the legality of an arrest is in court and not on the streets. The defendant had no right to resist arrest by the use of force.
AFFIRMED.
LETTS and MOORE, JJ., concur.
NOTES
[1] In deciding this case it is not necessary for us to actually determine the legality or illegality of the arrest.