PER CURIAM.
This is an appeal from an order granting a motion to suppress evidence on the grounds that an illegal arrest preceded the search and seizure. The arrest was made by a municipal police officer outside of his territorial jurisdiction and we find that the state has waived any claim that the arrest was proper as a citizen’s arrest. State v. Shipman, 370 So.2d 1195 (Fla. 4th DCA 1979). Nevertheless, the state contends the arrest was lawful because the municipal officer had previously been attached to the county sheriff’s office in a special capacity and was then issued an identification card granting him the authority of a deputy sheriff “when assigned to specific duties.” See Section 30.09(4)(b), Florida Statutes (1977). The officer’s attachment to the sheriff’s office had terminated well before the arrest in question, and the arrest was not made pursuant to any assignment by the sheriff. We believe the evidence supports the trial court’s ruling that the officer was not authorized to make the arrest by reason of his status as a special deputy, since the arrest did not occur while the officer was “assigned to specific duties.”
Affirmed.
DOWNEY, C. J., ANSTEAD, J., and GLICKSTEIN, HUGH S., Associate Judge, concur.