382 So.2d 866 (1980)
STATE of Florida, Appellant,
v.
Robert JOHNSON, Appellee.
No. 79-1750.
District Court of Appeal of Florida, Second District.
April 23, 1980.
*867 Jim Smith, Atty. Gen., Tallahassee and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, Bartow and Karal B. Rushing, Asst. Public Defender, St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
The State of Florida appeals from an order granting Robert Johnson's motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).
Johnson was charged by information with battery of a law enforcement officer in violation of Section 784.07, Florida Statutes (1978). He filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) on the ground that there exist no material disputed facts and the undisputed facts do not establish a prima facie case of guilt. The trial court granted the motion to dismiss.
Johnson contends that the lower court properly granted the motion to dismiss, as Officer Brubaker was not "engaged in the lawful performance of his duties," an essential requirement of Section 784.07, Florida Statutes. He bases this contention on the fact that Brubaker did not have a misdemeanor warrant to arrest him[1] and that none of the provisions of Section 901.15, Florida Statutes, which would make the arrest lawful, were applicable. We do not agree.
In Meeks v. State, 369 So.2d 109 (Fla.1st DCA 1979), the First District Court of Appeal addressed this issue. In that case, Meeks contended that the trial court erred in denying his motion to dismiss the information on the grounds that the officers were not in the lawful performance of their duties at the time of offense. The batteries occurred while the officers were executing an allegedly illegal misdemeanor warrant. The appellate court held:
[J]ust as the appellant is not justified in using force to resist an unlawful arrest pursuant to Sections 843.01 and 776.051(1), Florida Statutes (1977), neither is he justified in committing a battery to resist an unlawful arrest pursuant to Section 784.07, Florida Statutes (1977).
Id. at 110. In Meeks the court cites Lowrey v. State, 356 So.2d 1325 (Fla.4th DCA 1978), which dealt with resisting an unlawful arrest under Section 843.01, Florida Statutes.[2]
In Lowrey, the court stated that Sections 776.051 and 843.01 must be read together. The court held that the use of force in resisting an arrest by a person reasonably known to be a law enforcement officer is unlawful "notwithstanding the technical illegality of the arrest." Id. at 1326.
We agree with the holdings in Meeks and Lowrey. The trial court committed error in granting Johnson's motion to dismiss.
Accordingly, we reverse the order of the trial court dismissing the information and remand with directions to reinstate the information *868 and for further proceedings in accordance with this opinion.
REVERSED and REMANDED.
BOARDMAN and RYDER, JJ., concur.
NOTES
[1] Johnson was charged with a violation of § 562.12(1), Fla. Stat., a second-degree misdemeanor.
[2] Section 843.01 refers to the officer as being "in the lawful execution of any legal duty."