405 So.2d 210 (1981)
STATE of Florida, Appellant,
v.
Robert Walter BARNARD, Appellee.
No. 80-755.
District Court of Appeal of Florida, Fifth District.
October 7, 1981.
Rehearing Denied October 29, 1981.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellant.
S.G. Green, Orlando, for appellee.
ORFINGER, Judge.
Appellee was charged with two counts of resisting arrest with violence under section 843.01, Florida Statutes (1979). The trial court granted appellee's motion to dismiss under Rule 3.190(c)(4), Florida Rules of Criminal Procedure, on the ground that neither deputy sheriff involved in the arrest was "in the lawful performance of [his] duty at the time of the incident." The State appeals. The issue on appeal is whether the finding by the trial court that the deputies were not in the lawful performance of their duties is sufficient here to sustain the dismissal of the charges of resisting arrest with violence. We reverse.
The sworn motion sets forth a factual recitation upon which appellee bases his contention that the attempted arrest of appellee was illegal[1] because it was made in appellee's home and without a warrant, relying on Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Appellee's motion also recited facts which appellee says clearly shows that there was no resistance with violence. The State traversed the factual recitations so we face only the question of law, viz: does a warrantless felony arrest in a defendant's home justify the use of force to resist such arrest?
The correct rule on the subject has been stated in Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978):
Thus, after July 1, 1975, section 843.01 must be read in pari materia with section 776.051;[2] the end result being that the use of force in resisting an arrest by a person reasonably known to be a law enforcement officer is unlawful notwithstanding the technical illegality of the arrest.
Id. at 1326.
The officers were in uniform when the arrest was made. They had received an official complaint that appellee had threatened persons with a firearm; thus they had probable cause to believe that appellee had committed a felony. They first talked to appellee outside his home and advised him that he was under arrest and he turned and ran into his home. The officers followed and the incident giving rise to these charges took place.
*211 Since appellee was not justified in using force against the uniformed officers whom he knew to be law enforcement officers who had come to arrest him, Payton, does not control the result here. Although appellee also asserted in his motion that there was no violence, these facts were traversed by the State, so the court cold not grant the motion on that ground. State v. Pettis, 397 So.2d 1150 (Fla. 5th DCA 1981).
The order granting the motion and discharging defendant is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, C.J., and SHARP, J., concur.
NOTES
[1] Appellee asserts, in effect, that since the arrest without a warrant was illegal, the officers were therefore not in the lawful performance of their duties.
[2] § 776.051(1), Fla. Stat. (1979):

A person is not justified in the use of force to resist an arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer.