421 So.2d 186 (1982)
Timothy CLINTON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-491.
District Court of Appeal of Florida, Second District.
October 13, 1982.
Rehearing Denied November 4, 1982.
*187 Jerry Hill, Public Defender, Bartow, and Robert J. Krauss, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
This appeal is the result of an order of the trial court holding that two municipal police officers were engaged in the lawful performance of their duties when they were battered by the appellant. We affirm.
On August 7, 1981, the Pasco County Sheriff's Department received information that there was a fight in progress at a bar located approximately one mile outside of the city limits of Zephyrhills, Florida. Since they had no deputies in the immediate area, they requested assistance from the Zephyrhills Police Department. In response to that request, all units of the police department were dispatched to the area. Officer Scudder was the first to arrive and while trying to break up a fight between the appellant and his sister, he was hit and kicked by the appellant. Officer Hunt arrived shortly thereafter and was struck in the face twice while attempting to help Officer Scudder handcuff the appellant. The appellant was eventually subdued and placed in a police cruiser until the deputy sheriff arrived and arrested him.
Appellant was charged with two counts of battery upon a law enforcement officer in violation of section 784.07, Florida Statutes (1981), and one count of resisting arrest without violence in violation of section 843.02, Florida Statutes (1981).
Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), the appellant moved to dismiss the counts relating to battery of a law enforcement officer. When this motion was denied, he moved to change his plea to nolo contendere, stipulated that the state could prove a prima facie case, and specifically reserved his right to appeal the denial of his motion to dismiss. The plea was accepted, and the appellant was placed on probation.
Appellant was charged with battery of law enforcement officers in violation of section 784.07. This statute punishes persons who batter law enforcement officers in the lawful performance of their duties more severely than persons who commit the same act against any other person. § 784.03, Fla. Stat. (1981). The supreme court in the case of Soverino v. State, 356 So.2d 269 (Fla. 1978), in discussing this statute stated at page 271:
Because the public welfare is protected by the performance of these duties, the legislature in its wisdom has chosen to accord greater protection to one who performs these indispensable public services. When an officer is not performing his official duties, he is no longer protecting the public welfare and, consequently, the statute yields him no greater protection than that accorded to members of the general public.
The appellant contends that because the officers he battered were outside of their jurisdiction at the time of the incident, they were not engaged in the lawful performance of their duties, and therefore, he cannot be punished under the more stringent statute relating to police officers.
We disagree and hold that if a law enforcement officer is investigating a disturbance outside of his jurisdiction at the request of a sheriff or a deputy having jurisdiction over the area involved, he is then engaged in the lawful performance of his duties.
In the instant case, it is true that the officers did not have the power to arrest the appellant in their capacity as police officers. The police officers were not directly commanded to assist in an arrest, and therefore, section 901.18, Florida Statutes (1981), is not applicable. Additionally, because *188 the police officers were not conducting a lawful investigation of their own outside of the city limits of Zephyrhills, and were not in "fresh pursuit" of the appellant, they had no authority to arrest the appellant under section 901.25, Florida Statutes (1981). Since they had no statutory authority to arrest the appellant, they could only arrest him by exercising their citizen's right to arrest a person who commits a misdemeanor in their presence when said misdemeanor amounts to breach of the peace. Sturman v. The City of Golden Beach, 355 So.2d 453 (Fla. 3d DCA 1978). If the appellant was arrested in this manner, and the power to arrest was our only concern, he would not be guilty of violating section 784.07 because a citizen is not an officer under the statute and, accordingly, cannot be engaged in the performance of his or her "official" duties.
However, the scope of an officer's official duties is not coextensive with his power to arrest. In the case of United States v. Heliczer, 373 F.2d 241 (2nd Cir.1967), the Second Circuit Court of Appeal in construing a similar federal statute stated that an officer's duties may cover many functions which have nothing whatsoever to do with making arrests. From time to time the officers may have a duty to make an arrest, but their power to make an arrest is not a natural incident derived from their regular duties, and must be separately granted by the act of a legislative body. Moreover, the legislative body granting the power, as in the case sub judice, may be a different one from that which prescribes their duties. The court stated further that an officer is engaged in the performance of his official duties when he is acting within the scope of what he is employed to do. It cannot be said that an officer who has made an arrest loses his official capacity if the arrest is subsequently adjudged to be either unlawful, or not within the powers granted to one in his position.
In the case sub judice, a breach of the peace was reported to the sheriff's department. Pursuant to section 30.15, Florida Statutes (1981), the sheriff of Pasco County or his deputy had the authority to raise the power of the county and command any person to assist him. Accordingly, the sheriff's department was within their authority to command the Zephyrhills Police Department to assist. The police department having been commanded to assist, the police officers had no alternative but to respond, and in doing so, Officers Scudder and Hunt were engaged in the lawful performance of their duties at the time they were battered by the appellant.
We accordingly affirm.
GRIMES, A.C.J., and SCHEB, J., concur.