WENTWORTH, Judge,
concurring and dissenting in part.
I agree with the majority opinion insofar as it holds that the claimant’s injury arose out of and in the course of employment, but would find that the employment relationship was with Dade County.
Extensive evidence pertaining to claimant’s duties as a Dade County police officer is contained in the record on appeal. Without reciting that evidence in detail, it is clear that claimant would have been acting within the scope of his employment with Dade County had the incident occurred within that county’s borders. He was required to carry a gun at all times; he was expected to cooperate with the law enforcement officers of other agencies; and he was required to use force when necessary to effect an arrest. In short, the evidence demonstrates that claimant was expected and encouraged to respond as he did here.
Dade County seeks (and the decision of the majority effectively grants) shelter from liability under the section of the Department’s manual which asserts that a law enforcement action, taken outside the county limits by an off-duty officer, “does not have the sanction of law, such action is in the nature of a private citizen.” However, that provision is followed with: “Therefore, first consideration, should be given to having appropriate action initiated by the concerned law enforcement agency.” In my opinion, Dade County’s message to its officers is that they are expected to behave as public officers at all times and places within the state,[1] although deference to the presid *914 ing agency should always be a primary concern. Where, as here, it is not possible to have the “concerned” agency initiate the appropriate action, the officer must use his own training and judgment to determine what the appropriate action is. My interpretation of this directive finds further support in the next section which categorically and expressly forbids engaging in police activities outside the state unless in performance of their duties as agents of the county, or as provided for in the Uniform Act on Fresh Pursuit. If Dade County intended a similar restriction beyond the boundaries of the county, it could have, and should have, indicated that intention in similarly unambiguous language.
In contrast, the majority opinion extends the basis for workers’ compensation liability beyond that reasonably attributable to an agency which in no way consents or participates in law enforcement action by a volunteer.[2] Its rationale could logically be applied to an untrained civilian taking the same actions as claimant did here.
As Commissioner Canaday pointed out in his special concurrence to Dade County et al. v. Picharello, IRC Order 2-3163 (Fla. May 20, 1977), neither geographic boundaries nor specific hours should be the determinative guide for scope of employment. And in this case the question of who or what was the intended beneficiary of the claimant’s actions is not dispositive. Rather, determinations of the scope of employment must flow from the responsibilities of employment, particularly when that employment requires inherently dangerous activity for which the employee is specially trained, equipped, and enjoined to perform within and beyond regular scheduled hours. In my opinion, the activity in which claimant was engaged at the time of his injury was such dangerous activity, for which he was specially trained and which he reasonably understood his employer expected him to perform. I would find Dade County responsible for compensation coverage under these circumstances.

. See also Clinton v. State, 421 So.2d 186 (Fla. 2d DCA 1982), affirming an order of the circuit court finding that two municipal police officers *914 were engaged in the lawful performance of their duties when they were battered by the defendant outside of their jurisdiction. The court noted that the scope of an officer’s official duties is not coextensive with his power to arrest, and that an officer is engaged in the performance of his official duties when he is acting within the scope of what he is employed to do.

. There would appear to be no conceivable basis on which a carrier for such agency could anticipate or compute the actuarial risk of providing such benefits, while that problem is minimized with respect to actions of employed officers acting pursuant to written guidelines such as those prescribed by Dade County. In that situation there is access to all pertinent information concerning the employees covered, including such data as number of officers, their residence (in this case claimant lived outside Dade County and within the county where the injury occurred), and employer’s instructions as to job performance.