458 So.2d 1200 (1984)
STATE of Florida, Appellant,
v.
Larry GILCHRIST, Appellee.
No. 83-1610.
District Court of Appeal of Florida, Fifth District.
November 15, 1984.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellee.
SHARP, Judge.
The state appeals a trial court's dismissal of a two count information which it filed *1201 against appellant.[1] Appellant was charged with resisting an officer with violence to his person,[2] and battery on a law enforcement officer in the lawful performance of his duties.[3] We find that the trial court erred in granting Gilchrist's motion to dismiss made pursuant to Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure, and we reverse.
Gilchrist argues that the officer was not in the "lawful performance" of his duties when the battery occurred. But the facts and inferences were in dispute and the state's version established a prima facie case. The question of lawful performance is one of fact which should not be resolved by a (c)4 motion. Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981).
[A]s this court has repeatedly held in the context of a (c)(4) motion, this procedure is no substitute for a trial, and if any fact or inferences therefrom establish a prima facie case against the defendant, it should not be granted.
State v. Stewart, 404 So.2d 185, 186 (Fla. 5th DCA 1981).
With regard to the second count, this court has held that there is no privilege to use force against an officer attempting to effect an illegal arrest. In State v. Barnard, 405 So.2d 210 (Fla. 5th DCA 1981), we said that the "use of force in resisting an arrest by a person reasonably known to be a law enforcement officer is unlawful notwithstanding the technical illegality of the arrest." Id. (quoting Lowery v. State, 356 So.2d 1325, 1326 (Fla. 4th DCA 1978)). See also § 776.050, Fla. Stat. (1983). The record clearly establishes that Gilchrist, when contacted by the officers, unquestionably resorted to violence. Therefore, dismissal of this count was clearly erroneous.
REVERSED.
FRANK D. UPCHURCH, Jr. and COWART, JJ., concur.
NOTES
[1] Fla.R.Crim.P. 3.190(c)(4).
[2] § 843.01, Fla. Stat. (1983)
[3] § 784.07, Fla. Stat. (1983).