UPCHURCH, Chief Judge.
Charles Silas appeals a conviction for the crimes of battery and battery upon a law enforcement officer in violation of sections 784.03 and 784.07, Florida Statutes (1985).
Officer McGill, who was a policeman with the City of Eatonville Police Department, was dispatched to a domestic disturbance at an address outside the city limits. In the traverse to the motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), the state alleged that while the location was in fact outside of the city, both the police chief and McGill thought it was within the city. Silas contends that because the officer was outside the City of Eatonville and its jurisdiction, McGill cannot be considered a police officer under the battery statute. We disagree and affirm.
A person is guilty of battery on a law enforcement officer for:
[K]nowingly committing an assault upon a law enforcement officer while the officer or firefighter is engaged in the lawful performance of his duties ...
§ 784.07(2), Fla.Stat. (1985). When a person commits a battery on a law enforcement officer, the battery is enhanced from a misdemeanor of the first degree to a felony of the third degree.
Silas contends that Officer McGill was not “engaged in the lawful performance of his duties” because he had no authority to act in the county. Silas relies on a line of cases that hold that a police officer cannot make a valid arrest outside of his jurisdiction unless the actions can be classified as actions of a private citizen. State v. Carson, 374 So.2d 621 (Fla. 4th DCA 1979); State v. Shipman, 370 So.2d 1195 (Fla. 4th DCA 1979); cert. denied, 381 So.2d 769 (Fla.1980); Collins v. State, 143 So.2d 700 (Fla. 2d DCA), cert. denied, 148 So.2d 280 (Fla.1962). Silas also cites the decision of Clinton v. State, 421 So.2d 186 (Fla. 2d DCA 1982) where the defendant was charged with two counts of battery upon a law enforcement officer under section 784.-07. In Clinton, the sheriff's department requested help from the nearby police department to break up a bar fight because there were no deputies in the area. While breaking up the fight, two of the police officers were struck by the defendant who subsequently sought dismissal of the charges because the officers were outside of their jurisdiction. The appellate court held that:
If a law enforcement officer is investigating a disturbance outside of his jurisdiction at the request of the sheriff or deputy having jurisdiction over the area involved, he is then engaged in the lawful performance of his duties.
421 So.2d at 187. The court also held that the scope of an officer’s official duties is not co-extensive with his power to arrest. Silas distinguishes Clinton, where the sheriff’s department requested aid, from the instant case where there was no request by the sheriff’s department. This distinction is not dispositive because in this case Officer McGill was lawfully performing his duty by responding to a radio dispatch.
The state cites a line of decisions that have held that “use of force in resisting an arrest by a person reasonably known to be *1243 a law enforcement officer is unlawful notwithstanding the technical illegality of the arrest.” Lowery v. State, 356 So.2d 1325, 1326 (Fla. 4th DCA 1978). See Benjamin v. State, 462 So.2d 110 (Fla. 5th DCA 1985); State v. Gilchrist, 458 So.2d 1200 (Fla. 5th DCA 1984); State v. Barnard, 405 So.2d 210 (Fla. 5th DCA 1981); State v. Johnson, 382 So.2d 866 (Fla. 2d DCA 1980); Meeks v. State, 369 So.2d 109 (Fla. 1st DCA 1979). Several of these decisions have held that, under Lowery, a defendant could be charged with battery upon a law enforcement officer even though the defendant alleged that the arrest was illegal because there was no arrest warrant. Barnard, Johnson, Meeks. In Lowery, the defendant contended that his warrantless arrest was unlawful because the misdemeanor was not committed within the officer’s presence and the arresting officer was outside his jurisdiction. The court upheld the conviction because “the place to contest the legality of arrest is in the court and not on the street.” 356 So.2d at 1326. In Gilchrist, this court held that whether a law enforcement officer is in the lawful performance of his duties is a question of fact.
We therefore conclude that 1) in responding to directions from his dispatcher McGill was acting in the performance of his duties; 2) he was in uniform and easily identifiable as a police officer; and 3) Silas committed a battery on the officer. Therefore, the elements of the statute are all present. The mere fact that McGill was technically outside the city limits will not save Silas from the consequences of his ill considered behavior.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.