633 So.2d 503 (1994)
STATE of Florida, Appellant,
v.
Robert Nmn GIDDENS, Appellee.
No. 93-232.
District Court of Appeal of Florida, Fifth District.
March 4, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellee.
DIAMANTIS, Judge.
We reverse the trial court's order entering a judgment of acquittal notwithstanding the jury verdict, which found the defendant guilty of the offense of resisting an officer with violence. See § 843.01, Fla. Stat. (1991). The trial court entered the order based on its post-trial finding that the officer's stop and detention of the defendant was illegal.
We conclude that this was error because the defendant was not privileged to use force against the law enforcement officer even if the officer was attempting to effect an illegal arrest. State v. Gilchrist, 458 So.2d 1200, 1201 (Fla. 5th DCA 1984); § 776.051(1), Fla. Stat. (1991). See also Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990) (affirming defendant's conviction for battery on law enforcement officer even though officer's initial stop and detention of defendant was illegal).
Accordingly, we reverse the trial court's order and remand this cause for reinstatement of the jury verdict and for sentencing.
REVERSED and REMANDED.
W. SHARP and PETERSON, JJ., concur.