652 So.2d 942 (1995)
STATE of Florida, Appellant,
v.
Henry L. DAVIS, Appellee.
No. 94-926.
District Court of Appeal of Florida, Fifth District.
March 31, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellee.
*943 W. SHARP, Judge.
The state appeals from the trial court's order granting Davis' motion to dismiss filed pursuant to Florida Rule of Criminal Procedure 3.190(c)(4) in a criminal case. Davis was charged with resisting an officer with violence to his person in violation of section 843.01, Florida Statutes (1993). The state argues the trial court erred in granting Davis' motion to dismiss because Davis' untraversed motion, plus the evidence presented by Officer Reston at the hearing on the motion, established a prima facie case of resisting an officer with violence. We agree and reverse.
Davis' motion to dismiss established the following undisputed facts:
a. Deputy Reston approached Davis to talk to him, without any cause to arrest him.
b. Davis indicated he did not want to talk with the Deputy.
c. The Deputy persisted and placed Davis under arrest for obstruction of justice.
d. While the Deputy attempted to place Davis in custody, Davis resisted by pulling and twisting, trying to break free.
e. Davis did not strike the Deputy and no injury grew out of the incident, other than bite wounds suffered by Davis when two police dogs were released on him.
f. Davis was not charged with obstruction of justice.
g. Deputy Reston was not injured.
Since the state did not file a traverse, the factual matters in Davis' motion are deemed admitted. Fla.R.Crim.P. 3.190(d). However, rule 3.190(d) contemplates that a hearing may be held "to receive evidence on any issue of fact necessary to the decision on the motion." The only witness at the hearing was Deputy Reston. He did not contradict the factual allegations contained in Davis' motion. But he did supplement the factual allegations with the assertion that Davis jumped off of the patrol car and swung at him with his fists. Reston ducked and was not hit.
Pursuant to section 843.01, Florida Statutes, (1993), a defendant may violate it "by offering or doing violence" to a deputy or police officer. Here, Davis' act of swinging his fist at Reston and missing him could constitute "offering" to do violence.
The trial court reasoned that the charge should be dismissed because Davis' arrest by Deputy Reston was admittedly unlawful because it lacked sufficient grounds. However, Davis was not privileged to use force or offer to do so, against a law enforcement officer, even if the arrest were illegal. See State v. Giddens, 633 So.2d 503 (Fla. 5th DCA 1994); Bradford v. State, 567 So.2d 911 (Fla. 1st DCA 1990) rev. denied, 577 So.2d 1325 (Fla. 1991); Wallace v. State, 557 So.2d 212 (Fla. 2d DCA 1990); State v. Gilchrist, 458 So.2d 1200 (Fla. 5th DCA 1984).
In this case, the undisputed facts were that Davis pulled and struggled to free himself, and struck at the Deputy with his fist. This is sufficient to constitute a prima facie violation of the criminal statute.[1] In ruling on a (c)(4) motion, the trial court must resolve all inferences against the defendant, and in order to prevail, the state need only establish a prima facie case. State v. Jones, 642 So.2d 804 (Fla. 5th DCA 1994); Lemus v. State, 641 So.2d 177 (Fla. 5th DCA 1994); State v. Fordham, 465 So.2d 580 (Fla. 5th DCA 1985).
REVERSED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] See State v. Green, 400 So.2d 1322 (Fla. 5th DCA 1981).