KLEIN, J.
A petition for delinquency was filed against the appellee, and he moved to dismiss it, pursuant to Florida Rule of Juvenile Procedure 8.085(a)(6) which is the juvenile rule analogous to Florida Rule of Criminal Procedure 3.190(c)(4). The trial court granted the motion, and the state appeals. We reverse.
Attached to C.H.’s motion to dismiss was his affidavit, in which he stated that a person named Rushak had asked him to help Rushak commit robberies from cars. C.H. refused to participate, but, at Rus-hak’s request, gave him rubber gloves which he knew Rushak was going to use to commit an unlawful act. C.H. received nothing as a result of any actions committed by Rushak and, although Rushak told C.H. he had committed car burglaries, C.H. did not participate in any way.
The state filed a traverse stating that C.H.’s own statement showed that C.H. had agreed to supply latex gloves in order that Rushak could avoid fingerprint detection, and, in return, C.H. would receive stolen property resulting from the car burglaries.
At the hearing on the motion, C.H. argued that there was nothing to connect Rushak to any burglaries, and the trial court granted C.H.’s motion to dismiss on the ground that C.H.’s actions did not rise to the level of “doing or saying something to cause, encourage, encite or otherwise assisted” another person to commit a crime.
In Potts v. State, 430 So.2d 900, 902 (Fla.1982), the defendant argued that he could not have been convicted as an aider and abettor of burglary of a structure with assault where the primary perpetrator was acquitted of burglary with assault and convicted only of simple burglary. Our supreme court rejected that argument stating that it was unnecessary to show that the principal perpetrator had been convicted of the same crime, “nor is it even necessary to show that he was convicted at all.”
In order to secure a conviction on an aider and abettor theory, the state must establish: (1) that the defendant helped the person who actually committed the crime by doing or saying something that caused, encouraged, incited or otherwise assisted that person to commit the crime, and (2) that the defendant intended to participate in the crime. Swanson v. State, 713 So.2d 1097 (Fla. 4th DCA 1998). The elements necessary to convict a defendant as an aider and abettor may be proven by a combination of surrounding circumstances from which a jury can reasonably infer the defendant’s guilt. A.B.G. v. State, 586 So.2d 445 (Fla. 1st DCA 1991); see also K.O. v. State, 673 So.2d 47 (Fla. 4th DCA 1995)(circumstan-tial evidence may be used to establish the guilt of an aider and abettor).
We conclude that the facts contained in C.H.’s affidavit, along with the contents of the state’s traverse, reflected sufficient facts from which C.H. could be found to be an aider and abettor. Additionally we note that the question of whether C.H. knowingly intended to participate in the delinquent acts cannot be resolved on a motion to dismiss. See State v. Booker, 529 So.2d 1239 (Fla. 1st DCA 1988). We therefore reverse the order of dismissal.
FARMER and HAZOURI, JJ., concur.