, STRINGER, Judge.
B.M- challenges his adjudication of guilt on the charge of lewd and lascivious battery, contending that the trial court erred in finding that he, had waived his right to challenge certain statements he made to law enforcement by failing to file a motion to suppress before the start of the adjudicatory hearing. Because the record establishes that B.M. moved to suppress the statements he made to Detective Vail as soon as he was aware of the basis for the motion, we reverse and remand for further proceedings.
The State charged B.M. with one count of lewd and lascivious battery after he allegedly engaged in sexual activity with *650 his older stepsister. The complaint affidavit, which was prepared by Detective Vail of the Pasco County Sheriffs Office, stated that B.M. made admissions to him during a “non-custodial interview.” The State’s initial witness list, which was filed on May 30, 2004, listed Detective Vail as a witness. However, on September 8, 2004, one day before the adjudicatory hearing, the State filed a supplemental witness list which listed Deputy Kenyon of the Pinellas County Sheriffs Office as a witness for the first time. This supplemental witness list stated only that Deputy Kenyon had “information which may be relevant to the offense charged.”
On the morning of the adjudicatory hearing, B.M. requested a continuance of the hearing. B.M.’s counsel told the court that she had had to “start from scratch with him” and that she needed time to review the discovery and depositions. The trial court denied the motion without explanation.
At the hearing, the State first called Detective Vail to testify. Detective Vail testified that he initially made contact with B.M. via telephone. Upon further questioning, Detective Vail testified that he had asked B.M.’s high school resource officer, Deputy Kenyon, to call him the next time B.M. was at school. On October 6, 2003, Detective Vail received a call from Deputy Kenyon, who said that he had B.M. in his office. Deputy Kenyon then turned the phone over to B.M.
Before any testimony concerning the substance of the conversation between B.M. and Detective Vail was elicited, B.M. objected based on a lack of foundation, arguing that there was no evidence that the person Detective Vail actually spoke with on the phone was B.M. The State then called Deputy Kenyon to lay the proper foundation. At that point, Detective Vail had not yet testified to any statements allegedly made by B.M.
On direct examination, Deputy Kenyon testified that he had met with Detective Vail and had agreed to call him when B.M. was next at school. On October 6, 2003, Deputy Kenyon did an attendance check, discovered that B.M. was at school, and brought him to his office. Once B.M. was there, Deputy Kenyon told him that a detective from Pasco County wanted to speak with him. Deputy Kenyon then called Detective Vail using the cell phone number Detective Vail had provided him and, after identifying himself, put B.M. on the phone. Deputy Kenyon testified that during the course of the telephone call he heard B.M. say that “yeah, he did do it”; however, Deputy Kenyon did not know what B.M. and Detective Vail were discussing when this comment was made.
On cross-examination, Deputy Kenyon testified that when he discovered that B.M. was at school, he either brought B.M. to the office himself or sent a student to get him. He testified that he made no attempt to contact B.M.’s parents before having B.M. speak with Detective Vail, and he did not read B.M. his Miranda[1] warnings. When the telephone call ended, Deputy Kenyon sent B.M. back to class.
Following this testimony and before Detective Vail was recalled to the stand, B.M. moved to suppress the statements he made to Detective Vail during the telephone call. B.M. argued that Deputy Kenyon’s testimony established that B.M. was in custody when he made the statements and that neither Deputy Kenyon nor Detective Vail had attempted to contact his parents or read him his Miranda warnings before questioning him as a suspect.
*651 The State argued that B.M. had waived the objection because he had not filed a motion to suppress before the adjudicatory hearing and had not objected to the alleged statements during either Detective Vail’s or Deputy Kenyon’s testimony. In response, B.M. pointed out that he was only moving to suppress the statements made to Detective Vail and that Detective Vail had not yet testified to those statements. Further, B.M.’s counsel asserted that it was during Deputy Kenyon’s testimony that she learned for the first time that this was not a “non-custodial” interview as reported by Detective Vail in the complaint affidavit. She also noted that Deputy Kenyon had not written any type of report, so there was no record of how B.M. was brought to the office until the testimony was offered. Based on this, B.M.’s counsel argued that she had made the motion immediately upon learning of the grounds for it and that the trial court should consider the motion on the merits.
After considering these arguments, the trial court stated:
I find that the motion to suppress was not made pretrial; that the statement by Defendant in Deputy Kenyon’s presence was not objected to. ■
I find the rationale given by Defense counsel for not making this motion pretrial is not sufficient and I find that the objection has been waived; therefore, the objection is overruled and the motion as made orally is denied.
After hearing and considering Detective Vail’s testimony, the trial court found B.M. guilty as charged.
We perceive two problems with the trial court’s ruling on B.M.’s motion to suppress. First, the trial court’s ruling does not address the motion actually made by B.M. B.M. clearly moved to suppress the statements he made to Detective Vail — not the statement allegedly overheard by Deputy Kenyon. The lack of an objection to Deputy Kenyon’s testimony was irrelevant to any decision on B.M.’s motion to suppress the statements he made to Detective Vail, which had not yet been offered in evidence. Therefore, the trial court’s ruling that B.M.’s failure to object during Deputy Kenyon’s testimony constituted a waiver of any objections to Detective Vail’s testimony was legally incorrect.
Second, the trial court abused its discretion in finding that B.M. had waived his right to challenge Detective Vail’s testimony by failing to file a motion to suppress before the hearing. Florida Rule of Juvenile Procedure 8.085(5) states as follows:
Time for Filing. Any motion to suppress, sever, or dismiss shall be made prior to the date of the adjudicatory hearing unless an opportunity to make such motion previously did not exist or the party making the motion was not aware of the grounds for the motion.
Thus, the plain language of the rule specifically allows for a motion to be made during an adjudicatory hearing when the party making the motion was not aware of the grounds for the motion before the hearing.
In interpreting Florida Rule of Criminal Procedure 8.190(h), the comparable rule of criminal procedure, the supreme court has held that the rule gives the trial judge the discretion to entertain a motion made during trial. Savoie v. State, 422 So.2d 308, 311 (Fla.1982). In exercising this discretion, the trial court must balance the rights of the defendant to due process and effective assistance of counsel against the right of the State to have the opportunity to appeal an adverse ruling on a motion to suppress. State v. Gaines, 770 So.2d 1221, 1227 (Fla.2000); Savoie, 422 So.2d at 311-12. Therefore, even if a defendant specifically waives the right to *652 have a pretrial motion to suppress heard, the trial court still has the discretion to consider constitutional challenges upon an appropriate objection when the evidence is offered at trial. J.L.A v. State, 707 So.2d 380, 381 (Fla. 5th DCA 1998).
In this case, defense counsel asserted that she was not aware of the grounds for the suppression motion before trial. The record supports defense counsel’s assertion, and the State did not contradict her statements or point to any evidence that refuted her statements. Therefore, the trial court’s finding that defense counsel’s reason for failing to file the motion before the hearing was “not sufficient” is not supported by the record.
Further, the State’s only argument on the issue of waiver was that B.M. had not objected during Detective Vail’s testimony. However, when the motion was made, Detective Vail had not yet testified to any of the statements allegedly made by B.M. B.M. could not waive his objection to the challenged testimony by failing to make a contemporaneous objection when the time for making a contemporaneous objection had not yet occurred.
When B.M. made his motion to suppress during the hearing, the trial court took no steps to attempt to balance B.M.’s rights to due process and effective assistance of counsel against the State’s right to appeal a possibly adverse ruling despite the State’s last minute identification of Deputy Kenyon as a witness and the trial court’s denial of B.M.’s motion for continuance to review discovery and depositions. Under these circumstances, we hold that the trial court abused its discretion in denying B.M.’s motion as untimely and in refusing to consider the motion on the merits.[2] Accordingly, we reverse the adjudication and sentence and remand for further proceedings.
Reversed and remanded for further proceedings.
CASANUEVA and SILBERMAN, JJ., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. We express no opinion on the merits of B.M.’s motion to suppress and leave this for consideration by the trial court upon remand.