TORPY, J.
Appellant challenges her convictions for battery on a law enforcement officer and resisting arrest with violence. The sole issue on appeal is whether the law enforcement officer, who was working as a school resource officer, was executing a legal duty at the time he encountered and detained Appellant on school grounds.[1] We conclude that the officer was executing a legal duty and affirm Appellant’s convictions.
An administrative dean at Colonial High School noticed Appellant running across the courtyard on her way to class. The dean realized that Appellant would be tardy and directed her to come to him so that he could issue her a late pass. After three such requests, Appellant displayed her middle finger to the dean and entered the school building.
The dean radioed to the school resource officer, Deputy Faine, and asked him to stop Appellant and send her back to him. Deputy Faine encountered Appellant and directed her to stop, using both verbal- and nonverbal commands, but she kept walking towards him. When Appellant attempted to walk around Deputy Faine, he grabbed her around the waist, at which time Appellant began to fight with the deputy. During the altercation, Appellant hit Deputy Faine with her fists and kicked him in the chest, stomach and neck.
Citing our decision in J.A.S.R. v. State, 967 So.2d 1050 (Fla. 5th DCA 2007), Appellant urges that the trial court should have granted her motion for judgment of acquittal because the deputy was not engaged in the lawful execution of his duties at the time that he detained her. J.A.S.R. involved a police officer who had been working an off-duty assignment at Wet ’N Wild.[2] Although the officer was in uniform, he was not enforcing the law or otherwise executing any of his law enforcement duties at the time of the encounter.
Here, the deputy was assigned as a school resource officer and was engaged in the execution of his duties as such at the time of the incident. School resource officers perform a unique mission. They are certified law enforcement officers who are assigned to work at schools under cooperative agreements between their law enforcement agencies and school boards. § 1006.12(l)(a), (b), Fla. Stat. (2007). They are statutorily bound to “abide by district school board policies” and “consult with and coordinate activities through the school principal....” Id. In this capacity, resource officers are called upon to perform many duties not traditional to the law enforcement function, such as instructing students, serving as mentors and assisting administrators in maintaining decorum and enforcing school board policy and rules.
*706 At the time Deputy Faine encoun-. tered Appellant, he was acting at the direction of a school administrator in enforcing school rules. Clearly, he was engaged in the lawful execution of his legal duty as a school resource officer. Accordingly, Appellant’s convictions are affirmed.
AFFIRMED.
ORFINGER and COHEN, JJ., concur.

. The statute dealing with battery on a law enforcement officer requires that the officer be "engaged in the lawful performance of his or her duties.” The statutory provisions dealing with resisting a law enforcement officer require that the officer be "in the lawful execution of any legal duty.” §§ 843.01-.02, Fla. Stat. (2007). These elements are functionally identical so we make no distinction in our opinion. See Tillman v. State, 934 So.2d 1263, 1266 (Fla.2006).

. J.A.S.R. emphasized that the officer's off-duty status was not significant, only the nature of the task that he was executing at the time.