*371
 
 ALTENBERND, Judge.
 

 Brian Keith Sinquefíeld challenges his judgments and sentences for burglary of a conveyance and obstructing or opposing an officer without violence. We affirm without discussion the judgment and sentence for burglary of a conveyance. We reverse the judgment and sentence for opposing an officer without violence. There is no evidence that the officer was in the lawful execution of a legal duty when he attempted to detain Mr. Sinquefíeld because the officer was outside his jurisdiction and acting as a private citizen.
 

 In early February 2006, Mr. Sinquefíeld was homeless and shared a shed in Bra-denton with another homeless man. At approximately 3 a.m. on February 3, 2006, he broke into a car that was parked in front of a home a few blocks from the shed. The car was owned by the fiancée of a police officer who worked for the City of Palmetto Police Department. His police car was parked next to the ear that Mr. Sinquefíeld burglarized.
 

 The officer, who had seen Mr. Sinque-field in the neighborhood that evening, happened to notice Mr. Sinquefíeld exiting his fiancée’s car. When the officer confronted Mr. Sinquefíeld, Mr. Sinquefíeld rode away on a bicycle. The officer chased Mr. Sinquefíeld, grabbed at his jacket, and caused him to fall from the bicycle. Mr. Sinquefíeld continued to run, and the officer chased him.
 

 At some point during the chase, Mr. Sinquefíeld stopped to explain that he was homeless, was just looking for change, and had stolen nothing. The officer told Mr. Sinquefíeld that he was a police officer, and Mr. Sinquefíeld stated that he knew that. The officer tried to grab Mr. Sin-quefíeld, but Mr. Sinquefíeld pushed the officer away and ran. In the process, the officer removed a glove from one of Mr. Sinquefield’s hands.
 

 The officer then called the Manatee County Sheriffs Office. The sheriffs office deployed a tracking dog. The dog traced Mr. Sinquefíeld to his shed, where the deputies detained him. The officer identified Mr. Sinquefíeld as the burglar, and he was arrested by Manatee County deputy sheriffs.
 

 The State charged Mr. Sinquefíeld with burglary of an unoccupied conveyance and obstructing or opposing an officer without violence. At trial, a jury found him guilty as charged. He was sentenced to ten years’ incarceration as a habitual felony offender for the burglary and to time served for obstructing an officer, which is a misdemeanor.
 
 See
 
 § 843.02, Fla. Stat. (2005).
 

 Mr. Sinquefíeld argues here, as he did in the trial court, that there was no evidence that the officer was acting in the lawful execution of any legal duty.
 
 See Tillman v. State,
 
 934 So.2d 1263, 1266 (Fla.2006). Section 843.02 makes it a misdemeanor to “resist, obstruct, or oppose any officer as defined in s. 943.10(1) ... without offering or doing violence to the person of the officer.” The statute also makes it an offense to oppose a list of other law enforcement personnel and “other person[s] legally authorized to execute process in the execution of legal process
 
 or in the lawful execution of any legal duty.”
 
 § 843.02 (emphasis added).
 
 [1]
 

 
 *372
 
 The case law has long held that “in the lawful execution of any legal duty,” as provided under section 843.02, modifies not only any “other person,” but also “any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9).”
 
 See, e.g., Nelson v. State,
 
 543 So.2d 1308 (Fla. 2d DCA 1989).
 
 [2]
 
 At approximately the same time that
 
 Nelson
 
 was issued, the legislature amended the statute to add the semicolons, which previously were commas.
 
 See
 
 ch. 89-526, § 43, Laws of Fla. Despite the addition of semicolons separating the phrase, “in the lawful execution of any legal duty” from “any officer,” the case law remains the same. Thus, the State was required to prove that this off-duty police officer acting outside of his jurisdiction was in the lawful execution of a legal duty at the time he was opposed.
 
 See Blue v. State,
 
 837 So.2d 541, 547 (Fla. 4th DCA 2003) (citing
 
 Slydell v. State,
 
 792 So.2d 667, 671 (Fla. 4th DCA 2001)). In determining whether there is sufficient evidence of the lawful execution of a legal duty, a term that is not defined in the statute, trial courts must rely on the statutory and decisional law governing the particular duty in which the officer is engaged at the point the act of resistance occurs.
 
 Tillman,
 
 934 So.2d at 1266;
 
 see also Clinton v. State,
 
 421 So.2d 186,188 (Fla. 2d DCA 1982).
 

 The fact that the officer here was “off duty” does not change his arrest authority.
 
 See State v. Hartzog,
 
 575 So.2d 1328, 1330 (Fla. 1st DCA 1991). The key in this case is the fact that the officer was outside his jurisdiction. A law enforcement officer who has probable cause to suspect a person has committed a felony is generally authorized to arrest the person within the officer’s jurisdiction or upon “fresh pursuit” commencing from within that jurisdiction.
 
 See
 
 §§ 901.15, .25, Fla. Stat. (2005). The officer in this case was a sworn officer only inside the City of Palmetto. There is no evidence that he had
 
 *373
 
 any arrest authority elsewhere in Manatee County, and this event did not involve fresh pursuit.
 
 [3]
 
 The officer was therefore acting only as a private citizen. We decline to read section 843.02 to establish an offense of resisting a citizen’s arrest.
 
 [4]
 
 Accordingly, when the officer attempted to stop Mr. Sinquefield, he was not engaged in the lawful execution of any legal duty. We therefore reverse the judgment and sentence for obstructing an officer without violence.
 

 Affirmed in part, reversed in part, and remanded.
 

 VILLANTI and LaROSE, JJ., Concur.
 

 [1]
 

 . In its entirety, section 843.02 provides:
 

 Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; county probation officer; parole and probation supervisor; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute
 
 *372
 
 process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 ors. 775.083.
 

 [2]
 

 . At common law, a person had the right to resist the indignity of an unlawful arrest with reasonable force.
 
 See, e.g., State v. Saunders,
 
 339 So.2d 641, 642 n. 2 (Fla.1976). In 1881, Florida's legislature passed sections 843.01 and .02, which make it a criminal offense to resist an officer in the lawful execution of a legal duty with or without violence. Ch. 3276, §§ 1-2, Laws of Fla. (1881). In defining these two offenses, the legislature incorporated the lawfulness of the officer’s action as an element of each offense rather than as an affirmative defense.
 

 Beginning in the early 1970s, the legislature waived sovereign immunity for liability for torts,
 
 see
 
 § 768.28, Fla. Slat. (1975), and this waiver became effective against municipalities and subdivisions of the State in 1975.
 
 See
 
 ch. 74-235, § 3, Laws of Fla. At that same time, the legislature receded from the common law rule that one could resist arrest with force by passing section 776.051, Florida Statutes (1975).
 
 See
 
 ch. 74-383, § 13, Laws of Fla. Thus, by 1975 the remedy of a civil lawsuit provided a sound alternative to contesting with force or violence an officer's authority to conduct an arrest.
 

 The outcome of these developments is that a person retains a right, drawn from the common law, to resist an unlawful arrest only without force. Similarly, under sections 843.01 and 843.02, the State must prove the lawfulness of the arresting officer's action.
 

 It is noteworthy that the offenses established by the legislature in sections 843.01 and 843.02 are not limited to arrest situations, even though the common law right to resist an officer was limited to that setting. Thus, the requirement that the State prove the lawfulness of the officer’s action in the execution of a legal duty may not always align neatly with the common law. For instance, to convict a person who impeded an officer's effort to quell a riot, the State would be required to show that the officer was lawfully exercising a legal duty. No such requirement existed at common law.
 

 [3]
 

 . Sometimes officers are subject to mutual aid agreements or are sworn both as deputies and municipal police officers, but there is no evidence of such a situation in this case.
 
 See Rinaldo v. State,
 
 787 So.2d 208 (Fla. 4th DCA 2001).
 

 [4]
 

 . We realize an argument could be made that the officer was an "other person” under section 843.02 attempting to engage in a lawful citizen’s arrest.
 
 See, e.g., Collins v. State,
 
 143 So.2d 700 (Fla. 2d DCA 1962). Nevertheless, we have found no case applying section 843.02 to criminalize resisting a private citizen's attempt to arrest without violence, and we do not read section 843.02 to establish such an offense.