GRIFFIN, J.
C.M., a child, appeals his adjudication of delinquency for possession of twenty grams or less of cannabis. He argues that the trial court erred by denying his oral motion to suppress the cannabis that was the product of an illegal search and seizure. He also argues that the trial court erred by denying his motion for judgment of dismissal where the evidence did not establish his constructive possession or his knowledge of the contraband. We conclude there was sufficient record evidence to support the conviction, and we find no reversible error in the trial court’s refusal to entertain the suppression motion because it was untimely.
When the State attempted to admit cannabis found in proximity to C.M. into evidence, defense counsel objected, asserting “that the search was patently illegal” and that there were “chain of custody issues.” The State objected that C.M. had not filed a motion to suppress. The State relied on Florida Rule of Juvenile Procedure 8.085, which requires the filing of a suppression motion prior to the date of the adjudicatory hearing. The trial court refused to consider C.M.’s oral motion to suppress the cannabis because no written motion to suppress had been filed.
A trial court’s denial of a motion to suppress as untimely is subject to an abuse of discretion standard of review. See B.M. v. State, 915 So.2d 649, 652 (Fla. 2d DCA 2005). Because C.M. had not filed a motion to suppress prior to the date of the adjudicatory hearing, and this was not a case where C.M. lacked the opportunity to make a motion to suppress prior to the date of the adjudicatory hearing, the trial court did not abuse its discretion.
C.M. contends on appeal that the failure to timely file the motion was due to “confusion concerning the appointment of the *542 public defender,” and his mother’s failure to appear to complete the necessary paperwork for the appointment of counsel until the morning of the hearing. It was conceded by C.M. that he had previously met with defense counsel, but he asserts “the grounds for the motion did not become obvious until Officer Bishop testified.” The State objects that the exception to the filing deadline was not argued below. Moreover, we note that at the beginning of the adjudicatory hearing, the trial judge voiced his concern that it had taken so long for the appointment of counsel paperwork to be completed. He confirmed with defense counsel and C.M. that they had met prior to the day of the hearing and that they were ready for trial.
AFFIRMED.
SAWAYA and PALMER, JJ., concur.